# EXHIBIT 1

# JOSEPH ABRUZZO
### CLERK OF THE CIRCUIT COURT & COMPTROLLER
### PALM BEACH COUNTY

**CASE NUMBER: 50-2023-CA-011853-XXXX-MB**
**CASE STYLE: DULCIE, CHRISTIAN V LABORATORY CORPORATION OF AMERICA**

| Search Criteria | Search Results | Case Info | Party Names | Dockets & Documents | Case Fees | Court Events |
|---|---|---|---|---|---|---|

View documents and order certified copies*. See our eCaseView FAQ for step-by-step guidance and information about what documents are available online.

*The Social Security office does not accept electronic certified documents. Any certified copy needed for a name change or benefits with the Social Security office will need to be obtained by mail or in person from one of our office locations.

**Document Icons**

Document available. Click icon to view.

Add a certified copy of the document to your shopping cart.

Document is Viewable on Request (VOR). Click to request.

VOR document is being reviewed. Click to be notified when available.

0

Public =          VOR =          In Process =          Page Size: 25

| | | Docket Number | Effective Date | Description | Notes |
|---|---|---|---|---|---|
| | | 2 | 07/07/2023 | CIVIL COVER SHEET | |
| | | 3 | 07/07/2023 | COMPLAINT | F/B PLT |
| | | 1 | 07/10/2023 | DIVISION ASSIGNMENT | AO: Circuit Civil Central - AO (Civil) |
| | | 4 | 07/10/2023 | PAID $401.00 ON RECEIPT 4963297 | $401.00 4963297 Fully Paid |
| | | 5 | 08/29/2023 | SUMMONS ISSUED | jdulcie@searcylaw.com;_baker-barnesteam@searcylaw.com AS TO DFT LABORATORY CORPORATION OF AMERICA |
| | | 6 | 08/29/2023 | SUMMONS ISSUED | jdulcie@searcylaw.com;_baker-barnesteam@searcylaw.com AS TO DFT SEAN FARRIER MD |
| | | 7 | 08/29/2023 | SUMMONS ISSUED | jdulcie@searcylaw.com;_baker-barnesteam@searcylaw.com AS TO DFT PATRICE FRASER |
| | | 8 | 08/29/2023 | SUMMONS ISSUED | jdulcie@searcylaw.com;_baker-barnesteam@searcylaw.com AS TO DFT YOLANDA WALTON |
| | | 9 | 08/30/2023 | PAID $40.00 ON RECEIPT 5025615 | $40.00 5025615 Fully Paid |

| | | 10 | 09/08/2023 | DCM DESIGNATION TO THE GENERAL TRACK WITH JURY TRIAL ORDER | J NUTT DTD 9/8/23 THAT PURSUANT TO ADMINISTRATIVE ORDER 3.110 (AS AMENDED) THIS CASE IS DESIGNATED TO THE GENERAL TRACK. THE DEADLINES ESTABLISHED BY THIS ORDER ARE TO ENSURE THE CASE IS DISPOSED OF W/IN 18 MONTHS. TO THAT END THE FOLLOWING PROCEDURES AND DEADLINES SHALL BE STRICTLY OBSERVED: **SEE ORDER FOR DETAILS** |
| | | 11 | 09/12/2023 | COMPLAINT | AMENDED F/B PLT |
| | | 12 | 09/22/2023 | SERVICE RETURNED (NUMBERED) | RETURN OF SERVICE SERVED SEAN FARRIER - 09/19/2023 |

517-54b4c854-769a-40bd-bf4c-763a25c6916a

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.     **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Christian Dulcie</u>
Plaintiff                                                           Case # _____
                                                                    Judge _____

vs.

<u>Laboratory Corporation of America, Sean Farrier, Yolanda Walton, Patrice Fraser, Janet Romero</u>
 Defendant

II.     **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

III.     **TYPE OF CASE**       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION: [ ]**
(Specify)

8

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

NOT A CERTIFIED COPY

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jordan Dulcie — Attorney or party
Fla. Bar # 118635 — (Bar # if attorney)

Jordan Dulcie
(type or print name)

07/07/2023
Date

<div align="right">
IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO:
</div>

CHRISTIAN DULCIE,

        Plaintiff,

vs.

LABORATORY CORPORATION OF
AMERICA, SEAN FARRIER, M.D.,
YOLANDA WALTON, PATRICE FRASER,
and JANET ROMERO,

        Defendants.

_____/

## COMPLAINT

Plaintiff, CHRISTIAN DULCIE, individually, hereby sues Defendants, LABORATORY CORPORATION OF AMERICA, SEAN FARRIER, M.D., YOLANDA WALTON, PATRICE FRASER, and JANET ROMERO, and states as follows:

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

1.     This is a professional negligence and fraud action and is being brought pursuant to Florida Statutes and Common Law of Florida, with damages exceeding Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs and within the jurisdiction of this court.

2.     At all material times hereto, Plaintiff CHRISTIAN DULCIE, individually, was a resident of Palm Beach County, Florida.

3.     At all times material hereto, Defendant, LABORATORY CORPORATION OF AMERICA (hereinafter referred to as Defendant "LABCORP"), was and is a foreign for-profit company with its principal place of business in Burlington, North Carolina.

Dulcie v. Labcorp, et al.
Complaint
Page 2

4.        At all times material hereto, Defendant, LABORATORY CORPORATION OF

AMERICA (hereinafter referred to as Defendant "LABCORP"), operated and conducted business

throughout the state of Florida including Palm Beach County, Florida.

5.        At all material times hereto, Plaintiff CHRISTIAN DULCIE, individually, was a

consumer of testing products at Defendant LABCORP Northlake location in Palm Beach County,

Florida.

6.        At all times material hereto, Defendant, LABCORP, was in the business of

operating for-profit laboratory testing centers and producing hematopathology tests and providing

comprehensive oncology laboratory testing services and products to the public and the Plaintiff,

CHRISTIAN DULCIE.

7.        At all times material hereto, Defendant, LABCORP, is vicariously responsible for

the actions of its doctors, nurses, agents, apparent agents, servants, and/or employees acting within

the scope and course of their agency, apparent agency, servitude, and/or employment at their

company and testing centers including, but not limited to, SEAN FARRIER, M.D., YOLANDA

WALTON, PATRICE FRASER, and JANET ROMERO.

8.        At all times material hereto, YOLANDA WALTON, was the supervisor of the of

the LABCORP Northlake Blvd location in Palm Beach Gardens, Florida who resides in Palm

Beach County, Florida.

9.        At all times material hereto, PATRICE FRASER, was the patient service technician

of the LABCORP Northlake Blvd location in Palm Beach Gardens, Florida who resides in Palm

Beach County, Florida.

Dulcie v. Labcorp, et al.
Complaint
Page 3

10.     At all times material hereto, JANET ROMERO, was the Site Coordinator of  the

LABCORP Northlake Blvd location in Palm Beach Gardens, Florida who resides in Palm Beach

County, Florida.

11.     At all times material hereto, SEAN FARRIER, M.D., was and is the Vice President

of Pathology Services and the Medical Director of the Southeast Division of LabCorp who resides

in Hillsborough County, Florida.  He has served as medical director of LabCorp's Southeast

division since 2008 which includes Florida.

12.     Venue is proper in Palm Beach County, Florida because the facts that give rise to

this cause of action take place in Palm Beach County and more than one Defendant resides in Pam

Beach County, Florida.

## FACTS GIVING RISE TO CLAIM

13.     On December 30, 2016, Christian Dulcie presented to DEFENDANT LABCORP

on Northlake Blvd in Palm Beach Gardens, Florida, with Orders from his physician to undergo a

number of blood tests, including a peripheral flow cytometry. Multiple tubes of blood were drawn

from Christian at the Northlake Blvd facility of DEFENDANT LABCORP on December 30, 2016

by PATRICE FRASER.

14.     On January 5, 2017, DEFENDANT LABCORP faxed a copy of Christian Dulcie's

lab results from the December 30, 2016 testing to an assistant of the ordering physician, but using

an incorrect address for a different cancer center. DEFENDANT LABCORP included a note at the

end of those results indicating they had not performed the flow cytometry because "LabCorp was

unable to obtain a suitable specimen."

Dulcie v. Labcorp, et al.
Complaint
Page 4

15.     Christian Dulcie was subsequently instructed by phone to return to DEFENDANT LABCORP to have more blood drawn for the flow cytometry test.

16.     On Friday, January 20, 2017, Christian Dulcie returned to DEFENDANT LABCORP on Northlake Blvd in Palm Beach Gardens, Florida, where he provided his name at the check-in counter. The facility was

17.     On Friday, January 20, 2017, Christian Dulcie was made to wait a considerable period of time with multiple other patients in the waiting area of DEFENDANT LABCORP on Northlake Blvd in Palm Beach Gardens, Florida, who were advised the facility was short-staffed with only one staff member present. Patrice Fraser was employed as a patient service technician responsible for the drawing of Mr. Dulcie's blood, data entry, and specimen processing. Patrice Fraser the supervisor of the LABCORP supervisor was not present at the facility nor did she have sufficient personnel to handle the volume of customers at that facility at that time.

18.     On Friday, January 20, 2017, Christian Dulcie was eventually called directly back to the venipuncture room from the waiting area of DEFENDANT LABCORP on Northlake Blvd in Palm Beach Gardens, Florida, where the same woman moving about the check-in area, phlebotomist Patrice Fraser, then drew his blood.

19.     There was no exchange of paperwork upon arrival or upon Christian Dulcie's entering and leaving the venipuncture room at DEFENDANT LABCORP on Northlake Blvd in Palm Beach Gardens, Florida on January 20, 2017.

20.     In late 2016 and early 2017, the DEFENDANT LABCORP facility on Northlake Blvd in Palm Beach Gardens, Florida was persistently under-staffed, sometimes with only one worker on duty and arriving patients forced to wait long periods – an unsafe situation recounted

Dulcie v. Labcorp, et al.
Complaint
Page 5

by the many concerned patients who submitted contemporaneous online reports of their troubling

experience at this South Florida laboratory facility.

21.     Furthering the unsafe atmosphere at the DEFENDANT LABCORP facility on

Northlake Blvd in Palm Beach Gardens, Florida on January 20, 2017, was Site Coordinator,

Yolanda Walton, allowed only a single phlebotomist to handle the check-in and documents herself

for the many patients arriving, in addition to drawing the blood and handling the chain-of-custody

disposition of those blood tubes.

22.     The unsafe atmosphere at the DEFENDANT LABCORP facility on Northlake Blvd

in Palm Beach Gardens, Florida on Friday, January 20, 2017 was further accentuated by the chaotic

musical chairs of the waiting patients, with many patients lined up and waiting their turn only to

be "bumped" by new patients arriving with pre-appointments who would be pushed to the front of

the line.

23.     Records eventually obtained from DEFENDANT LABCORP indicate blood

purportedly to be that drawn from Christian Dulcie on Friday, January 20, 2017 at the

DEFENDANT LABCORP facility on Northlake Blvd in Palm Beach Gardens, arrived in North

Carolina on Tuesday, January 24, 2017 – with no chain-of-custody log as to where Christian

Dulcie's blood went from the time of his venipuncture on January 20, 2017 at the DEFENDANT

LABCORP facility in Palm Beach Gardens through its course of travels over the next four days.

24.     In its January 26, 2017 report of the analysis of blood alleged to have been drawn

from Christian Dulcie at DEFENDANT LABCORP on Northlake Blvd in Palm Beach Gardens,

Florida, the DEFENDANT LABCORP identified expression of abnormal clonal B-cells present

and making up nearly 20% of the total cell population, with emphasis on positive CD5 and CD23

Dulcie v. Labcorp, et al.
Complaint
Page 6

markers, and concluding the findings to be typical of the cancer phenotype and emerging disease

process of Chronic Lymphocytic Leukemia/Non-Hodgkin's Lymphoma.

25.     Unbeknownst to Christian Dulcie and his treating physicians at the time, and

presumably unbeknownst to the second victim of DEFENDANT LABCORP's 2017 errors, the

blood that DEFENDANT LABCORP analyzed in its North Carolina facility on January 24 and

January 25, 2017 to produce the January 26, 2017 flow cytometry results of CLL/NHL for

Christian Dulcie, was not and could not have been the blood of Christian Dulcie – an indisputable

scientific, medical fact that only DEFENDANT LABCORP knew at the time but which they

concealed from the Plaintiff, Christian Dulcie for 5 more years.

26.     As a direct result of DEFENDANT LABCORP's January 26, 2017 detailed,

persuasive laboratory report on specific cancer markers found in the blood purported to be that of

Christian Dulcie, he was diagnosed with an emerging Chronic Lymphocytic Leukemia/Non-

Hodgkin's Lymphoma in 2017 and advised to continue oncological care and surveillance. Such

oncological care and surveillance included invasive bone marrow testing and high levels of

radiation imaging tests including full body PET scans.

27.     Efforts were undertaken by Christian Dulcie by phone and in writing beginning in

February and March of 2017, to obtain his complete file of all logs, records and other pathology

material in the custody of DEFENDANT LABCORP, which were denied by DEFENDANT

LABCORP despite clear authorization. This clearly put DEFENDANT LABCORP on notice

about the testing and results of Mr. Dulcie's blood tests that could result in future claims or

litigation. DEFENDANT LABCORP also had a duty to preserve such evidence pursuant to Federal

Law under Title 42 CFR Part 493.

Dulcie v. Labcorp, et al.
Complaint
Page 7

28.     DEFENDANT LABCORP was also requested in writing by Christian Dulcie and

his representatives beginning in 2017, to preserve all of his pathology records, chain-of-custody

logs, notes, slides, and other testing materials as required by CLIA and CAP standards, where 10

years retention is cited as the minimum period for preserving the slides.

29.     When the requests were made in 2017, M. Rachael Dimont, Senior Corporate

Counsel, was made aware of such requests along with Deanna Peaden, Laboratory Support

Supervisor of Women's Health, Genetics and Oncology. They were responsible for the handling

of the requests and were acting on behalf of Defendant LABCORP.

30.     Subsequent repeat testing was done that provided results inconsistent with

DEFENDANT LABCORP's finding which drew into question the validity of such testing;

however, because DEFENDANT LABCORP never provided any of the request materials and

blood specimens, Christian Dulcie could not determine what error, if any occurred, whether is was

a misinterpretation by the hematopathologist at LABCORP or an error by the oncologist. The

concealment of such information and data caused Christian Dulcie to continue with invasive

oncological management and supervision for the next 5 years which led to emotional distress and

ongoing anxiety.

31.     As a result of the concealment of the testing data, Christian Dulcie remained under

oncological care and surveillance for the terminal cancer process. M. Rachael Dimont and Deanna

Peaden consistently prevented the disclosure of important data for years between 2017 and 2022

including the blood specimens, requisition forms, and underlying data.

32.     It wasn't until repeat flow cytometry testing from an outside provider in late 2021

that came back negative for cancer cells that Christian Dulcie felt compelled to procure outside

Dulcie v. Labcorp, et al.
Complaint
Page 8

hematopathology expertise to investigate the validity of DEFENDANT LABCORP's 2017 cancer test and results.

33.     A thorough investigation and review of this matter conducted in 2022 by pre-eminent Duke hematologist Ken Young, M.D., without the support of DEFENDANT LABCORP who has continued to conceal their actions and pathology evidence, has proven there is NO cancer markers in Christian Dulcie's blood after repeated testing through late 2021, and no clinical signs of the emerging cancer process defined by DEFENDANT LABCORP in their testing report of January 2017.

34.     On March 2, 2022, Deanna Peaden, Laboratory Support Supervisor at LABCORP, informed Christian Dulcie for the first time, 5 years after the testing, that "[they] no longer have the blood specimen that was utilized for the flow cytometry testing. The specimen was discarded after seven days in accordance with our specimen retention policy.  We never received any tissue in connection with this testing and we do not have any other tissue or slides for Mr. Dulcie in connection with any other testing."

35.     This act of destruction of evidence, specifically the blood specimens and chain-of-custody records, by LABCORP and its employees is in violations of Title 42 CFR Part 493 and violates CLIA and CAP standards.

36.     DEFENDANT LABCORP specifically identified the blood product labeled as Christian Dulcie's with specimen number 020-732-51280 while having a separate surgical pathology number identified as SJ7851215 which illustrates that they had slides and surgical pathology specimens that required retention to which LABCORP claims no longer exists or has been destroyed.

Dulcie v. Labcorp, et al.
Complaint
Page 9

37.     DEFENDANT LABCORP made a concerted effort to conceal and destroy their laboratory data and blood specimens, while withholding critical data over a period of 5 years that made determining what actual errors to place to be impossible. DEFENDANT LABCORP's actions precluded Plaintiff from having an independent analysis of the blood specimen product they tested and represented what was his blood in final reports. Yet, DEFENDANT LABCORP now claims the pathology materials related to Christian Dulcie were discarded and/or are not in their possession, furthering DEFENDANT LABCORP's fraud and concealment in this matter.

38.     The investigation and conclusions of Ken Young, M.D. in 2022 was the first time any information was known or could have been known that the abnormal flow cytometry findings reported by DEFENDANT LABCORP on January 26, 2017, were not derived from the blood of Christian Dulcie but rather were a completely different blood product or test of another patient. It is scientifically impossible for those abnormal cancer markers to disappear and for the patient's marrow to cease production of the aberrant cloning of these cells, and in fact, the disease process only worsens over time.

39.     Christian Dulcie learned in 2022, through the diligent work of Ken Young, M.D., that not only did he not ever have cancer, but that the blood he gave on January 20, 2017 at the DEFENDANT LABCORP on Northlake Blvd in Palm Beach Gardens, Florida, was not the same blood that ended up at the North Carolina facility and which was fraudulently assigned to his name and given a diagnosis of cancer.

40.     Until Dr. Young's investigation and findings, Christian Dulcie had no way of knowing of the 2017 laboratory error of another blood product and/or other's test by the DEFENDANT LABCORP which caused him to be falsely diagnosed with cancer.

Dulcie v. Labcorp, et al.
Complaint
Page 10

41.     DEFENDANT LABCORP knew or should have known of their error at the time of

testing in January 2017, and certainly by the time multiple inquiries were being made of them in

the months to follow where they denied access to Christian Dulcie's full file and engaged in the

destruction of evidence.

42.     DEFENDANT LABCORP either intentionally failed to investigate their laboratory

blood sampling error, or they chose to internalize their findings and conceal the error from

Christian Dulcie, his treating physicians, and the other victim of the laboratory error, constituting

an overt act of fraud and concealment.

## COUNT I
## FRAUDULENT CONCEALMENT AGAINST DEFENDANT, LABORATORY
## CORPORATION OF AMERICA

43.     Plaintiff, CHRISTIAN DULCIE, individually, re-alleges and incorporates by

reference the allegations contained in Paragraphs 1 through 42, and further alleges:

44.     Defendant, LABCORP, owed a duty to CHRISTIAN DULCIE, to laboratory

testing and products in accordance with prevailing laboratory standards and in accordance with

State and Federal law in light of all relevant circumstances.

45.     Under 42 C.F.R §493.1105, Defendant, LABCORP had a legal obligation to retain

the following:

> (a) The laboratory must retain its records and, as applicable, slides, blocks,
> and tissues as follows:
>
> (1) Test requisitions and authorizations.  Retain records of test requisitions
> and test authorizations, including the patient's chart or medical record if
> used as the test requisition or authorization, for at least 2 years.
>
> (2) Test procedures.  Retain a copy of each test procedure for at least 2 years
> after a procedure has been discontinued. Each test procedure must include
> the dates of initial use and discontinuance.

Dulcie v. Labcorp, et al.
Complaint
Page 11

(3) Analytic systems records.  Retain quality control and patient test records (including instrument printouts, if applicable) and records documenting all analytic systems activities specified in §§ 493.1252 through 493.1289 for at least 2 years. In addition, retain the following:

(i) Records of test system performance specifications that the laboratory establishes or verifies under § 493.1253 for the period of time the laboratory uses the test system but no less than 2 years.

(ii) Immunohematology records, blood and blood product records, and transfusion records as specified in 21 CFR 606.160(b)(3)(ii), (b)(3)(iv), (b)(3)(v) and (d).

(4) Proficiency testing records.  Retain all proficiency testing records for at least 2 years.

(5) Quality system assessment records.  Retain all laboratory quality systems assessment records for at least 2 years.

(6) Test reports.  Retain or be able to retrieve a copy of the original report (including final, preliminary, and corrected reports) at least 2 years after the date of reporting. In addition, retain the following:

(i) Immunohematology reports as specified in 21 CFR 606.160(d).

(ii) Pathology test reports for at least 10 years after the date of reporting.

(7) Slide, block, and tissue retention —

(i) Slides.

(A) Retain cytology slide preparations for at least 5 years from the date of examination (see § 493.1274(f) for proficiency testing exception).

(B) Retain histopathology slides for at least 10 years from the date of examination.

(ii) Blocks.  Retain pathology specimen blocks for at least 2 years from the date of examination.

(iii) Tissue.  Preserve remnants of tissue for pathology examination until a diagnosis is made on the specimen.

Dulcie v. Labcorp, et al.
Complaint
Page 12

(b) If the laboratory ceases operation, the laboratory must make provisions to ensure that all records and, as applicable, slides, blocks, and tissue are retained and available for the time frames specified in this section.

46.     DEFENDANT LABCORP concealed or failed to disclose material facts in 2017 including the histopathology slides, testing data from the flow cytometry, requisition forms, and underlying performance data.

47.     DEFENDANT LABCORP knew or should have known that the material facts should be disclosed to CHRISTIAN DULCIE in order to determine what if any errors or problems occurred with the testing and test results.

48.     DEFENDANT LABCORP knew its concealment of or failure to disclose the material fact i.e. that blood tested and/or resulting lab result was not his, would induce the Plaintiff to continue with oncology testing and would be unable to investigate the discrepancy in the testing data indicating a terminal cancer diagnosis.

49.     DEFENDANT LABCORP had a duty to disclose that information once requested by the Plaintiff in accordance with State and Federal law.

50.     The Plaintiff detrimentally relied on the concealed information in that it had no reasonable way of knowing that the flow cytometry lab test was defective, that the blood testing was not his, and that the lab report produced to him was fraudulently identified as his results thereby requiring him to undergo further testing and the inability to determine what occurred with his blood test and results.

51.     As a direct and proximate result of the acts and omissions of Defendant LABCORP, Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily injuries resulting in pain and suffering, disability/physical impairment, past and future medical expenses, expense of hospitalization, inconvenience, disability, mental anguish, loss of enjoyment of life, loss value of

Dulcie v. Labcorp, et al.
Complaint
Page 13

gratuitous services, loss of earnings, loss of ability to earn money, and aggravation of a previously

existing condition. The losses are permanent and continuing and Plaintiff will continue to suffer

these losses in the future.

      WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demand judgment

against Defendant, LABCORP, for these damages and all other damages allowable by law, and

demands costs, post judgment interest, and a trial by jury.

<div align="center">

**COUNT II**
**BREACH OF EXPRESS WARRANTY BY DEFENDANT, LABORATORY**
**CORPORATION OF AMERICA**

</div>

      52.     Plaintiff, CHRISTIAN DULCIE, individually, re-alleges and incorporates by

reference the allegations contained in Paragraphs 1 through 42, and further alleges:

      53.     DEFENDANT LABCORP utilizes GREEN Flow/Cyto Molecular collection kits

wherein it markets and explicitly states that the testing and blood product that is being interpreted

is the consumer's blood and that the testing product produces results based on the consumer's

blood.

      54.     DEFENDANT LABCORP proprietary testing materials and report never indicated

that the testing product or blood tested was another consumer's blood. In fact, it expressly

represented that the test product was that of the consumer Christian Dulcie.

      55.     DEFENDANT LABCORP expressly warranted that the blood product and testing

product was that of consumer Christian Dulcie. DEFENDANT LABCORP expressly warranted

that its test results were based on the blood of Christian Dulcie.

      56.     DEFENDANT LABCORP breached its express warranty of merchantability by,

*inter alia*, selling a lab testing product and results that did not conform to the promises and or

affirmations of fact that the testing label indicated. Specifically, DEFENDANT LABCORP

Dulcie v. Labcorp, et al.
Complaint
Page 14

labeled its testing product to be that of Christian Dulcie when in fact such testing was not, but rather the test product of another consumer.

57.     As a direct and proximate result of DEFENDANT LABCORP'S breach of the express warranty of merchantability, Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily injuries resulting in pain and suffering, disability/physical impairment, past and future medical expenses, expense of hospitalization, inconvenience, disability, mental anguish, loss of enjoyment of life, loss value of gratuitous services, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and continuing and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demand judgment against Defendant, LABCORP, for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY BY DEFENDANT, LABORATORY CORPORATION OF AMERICA

58.     Plaintiff, CHRISTIAN DULCIE, individually, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 42, and further alleges:

59.     DEFENDANT LABCORP utilizes a GREEN Flow/Cyto Molecular collection kit wherein it markets and explicitly states that the testing and blood product that is being interpreted is the consumer's blood and that the testing product produces results based on the consumer's blood.

Dulcie v. Labcorp, et al.
Complaint
Page 15

60.     When consumers come to LABCORP testing sites and pay to have a certain test performed, there exists an implied warranty of merchantability that the test product and result is that of the consumer.

61.     LABCORP knew the particular purpose for which the oncologic hematopathology testing was being sold – i.e. to determine if cancerous cells are identified in a consumer's blood.

62.     It is reasonably foreseeable to LABCORP that the product i.e. the copyrighted LABCORP test to which LABCORP PREPARES whole blood and peripheral blood films for testing, would be used by consumers like Christian Dulcie to determine if they have hematologic cancer.

63.     DEFENDANT LABCORP knew that then consumers, including Christian Dulcie, relied upon LABCORP to ensure that the testing product and blood films are that of the consumer.

64.     DEFENDANT LABCORP breached its implied warranty of merchantability because, *inter alia*, the test product (blood films and blood smears) and test results marketed and sold to the consumer, Christian Dulcie, were not that of the consumer.

65.     testing materials and report never indicated that the testing product or blood tested was another consumer's blood. In fact, it expressly represented that the test product was that of the consumer Christian Dulcie.

66.     DEFENDANT LABCORP expressly warranted that the blood product and testing product was that of consumer Christian Dulcie. DEFENDANT LABCORP expressly warranted that its test results were based on the blood of Christian Dulcie.

67.     DEFENDANT LABCORP breached its express warranty of merchantability by, *inter alia*, selling a lab testing product and results that did not conform to the promises and or affirmations of fact that the testing label indicated. Specifically, DEFENDANT LABCORP

Dulcie v. Labcorp, et al.
Complaint
Page 16

labeled its testing product to be that of Christian Dulcie when in fact such testing was not, but rather the test product of another consumer.

68.     As a direct and proximate result of DEFENDANT LABCORP'S breach of the express warranty of merchantability, Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily injuries resulting in pain and suffering, disability/physical impairment, past and future medical expenses, expense of hospitalization, inconvenience, disability, mental anguish, loss of enjoyment of life, loss value of gratuitous services, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and continuing and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demand judgment against Defendant, LABCORP, for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

## COUNT IV
### STRICT LIABILITY BY DEFENDANT, LABORATORY CORPORATION OF AMERICA

69.     Plaintiff, CHRISTIAN DULCIE, individually, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 42, and further alleges:

70.     Defendant LABCORP is an industry leader in gene-based and esoteric testing and provides a range of frequently requested and specialty testing services, including anatomic pathology/oncology testing.

71.     Defendant LABCORP maintains proprietary Quality Management Systems to consistently meet both regulatory and client requirements and actively promote a culture of quality.

Dulcie v. Labcorp, et al.
Complaint
Page 17

72.     Defendant LABCORP is responsible for maintaining complete, consistent and accurate data from creation through archival and destruction through their proprietary Quality Management Systems and testing.

73.     Defendant LABCORP marketed and sold flow cytometry and hematology testing product data and laboratory results with the expectation that it would be used by the consumer without substantial change.

74.     The laboratory test and product result was defective and unreasonably dangerous because it was contaminated and unfit for its intended purpose.

75.     As a direct and proximate result of DEFENDANT LABCORP'S breach of the express warranty of merchantability, Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily injuries resulting in pain and suffering, disability/physical impairment, past and future medical expenses, expense of hospitalization, inconvenience, disability, mental anguish, loss of enjoyment of life, loss value of gratuitous services, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and continuing and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demand judgment against Defendant, LABCORP, for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

## COUNT V
## PROFESSIONAL NEGLIGENCE OF DEFENDANT, SEAN FARRIER, M.D.

76.     Plaintiff, CHRISTIAN DULCIE, individually, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 42, and further alleges:

Dulcie v. Labcorp, et al.
Complaint
Page 18

77.     At all material times hereto, SEAN FARRIER, M.D., was the medical director of Labcorp's Southeast division since 2008 and was responsible for the operations of the Southeast Division of LABCORP which included the operations of all testing sites in Florida and the Northlake Blvd location.

78.     At all material times hereto, SEAN FARRIER, M.D., had ultimate responsibility for the oversight and implementation of the operations, collections, transport, testing, and production of hematopathology tests in Florida.

79.     At all material times hereto, SEAN FARRIER, M.D., had a duty to ensure LABCORP complied with CAP (College of American Pathologists) and CLIA (Clinical Laboratory Improvement Amendments) as LABCORP operates all facilities in Florida under those standards.

80.     Defendant, SEAN FARRIER, M.D., individually, owed a duty to CHRISTIAN DULCIE, to operate LABCORP's Southeast Division in a manner that is consistent with professional laboratory standards incorporated within LABCORP's highest ethical, scientific and medical standards in all diagnostic, research, and development activities.

81.     Notwithstanding the duty undertaken, Defendant, SEAN FARRIER, M.D., did or failed to do one or more of the following acts, any or all of which were breaches in his duty of care:

   a. Failure to implement proper testing protocols in line with CAP (College of American Pathologists) and CLIA (Clinical Laboratory Improvement Amendments) standards;

   b. Failure to recognize, and appropriately incorporate chain of custody for blood testing products from southeast testing locations in Florida including the Northlake location to labs outside the State of Florida;

Dulcie v. Labcorp, et al.
Complaint
Page 19

    c.   Failure to properly staff and retain competent employees in LABCORP's southeast locations including the Northlake location in Palm Beach County;

    d.   Failure to identify and correct improper flow cytometry lab results; and

    e.   Failure to have proper protocols for the identify and transportation of blood testing for hematological cancer testing.

82.    As a direct and proximate result of the acts and omissions of Defendant SEAN FARRIER, M.D., Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily injuries resulting in pain and suffering, disability/physical impairment, past and future medical expenses, expense of hospitalization, inconvenience, disability, mental anguish, loss of enjoyment of life, loss value of gratuitous services, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent and continuing and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demands judgment against Defendant, SEAN FARRIER, M.D., for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

## COUNT VI
## PROFESSIONAL NEGLIGENCE OF DEFENDANT, YOLANDA WALTON

83.    Plaintiff, CHRISTIAN DULCIE, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 42, and further alleges:

84.    At all material times hereto, YOLANDA WALTON, was the Site Coordinator of the LABCORP Northlake Blvd. location in Palm Beach Gardens, Florida.

85.    At all material times hereto, YOLANDA WALTON, had responsibility for the oversight and implementation of the operations, collections, transport, and testing at the LABCORP Northlake Blvd location including blood draws and specimen processing.

NOT A CERTIFIED COPY

Dulcie v. Labcorp, et al.
Complaint
Page 20

86.     At all material times hereto, YOLANDA WALTON, had a duty to ensure the LABCORP Northlake Blvd location complied with CAP (College of American Pathologists) and CLIA (Clinical Laboratory Improvement Amendments) standards.

87.     At all material times hereto, YOLANDA WALTON, had a duty to ensure the that the testing products and flow cytometry blood draws were that of the consumer and were packaged and transported in compliance with Good Clinical Practices (GCP), and Good Laboratory Practices (GLP) and Good Manufacturing Practices (GMP).

88.     Defendant, YOLANDA WALTON, owed a duty to CHRISTIAN DULCIE, to operate LABCORP Northlake Blvd location in a manner that is consistent with professional laboratory standards incorporated within LABCORP's highest ethical, scientific and medical standards in all diagnostic, research, and development activities.

89.     Notwithstanding the duty undertaken, Defendant, YOLANDA WALTON, did or failed to do one or more of the following acts, any or all of which were breaches in her duty of care:

    a.    Failure to properly prepare specimens for testing;

    b.    Failure to have necessary staff to ensure proper blood draws and specimen testing;

    c.    Failure to recognize improper specimen collection and processing prior to transport; and

    d.    Failure to enact proper policies and procedures to ensure proper blood products and specimens are properly labeled.

90.     As a direct and proximate result of the acts and omissions of Defendant YOLANDA WALTON, Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily injuries resulting in pain and suffering, disability/physical impairment, past and future medical expenses, expense of

Dulcie v. Labcorp, et al.
Complaint
Page 21

hospitalization, inconvenience, disability, mental anguish, loss of enjoyment of life, loss value of gratuitous services, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and continuing and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demands judgment against Defendant, YOLANDA WALTON, for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

## COUNT VII
## PROFESSIONAL NEGLIGENCE OF DEFENDANT, JANET ROMERO

91.     Plaintiff, CHRISTIAN DULCIE, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 42, and further alleges:

92.     At all material times hereto, JANET ROMERO, was the Site Coordinator of the LABCORP Northlake Blvd location in Palm Beach Gardens, Florida.

93.     At all material times hereto, JANET ROMERO, had responsibility for the oversight and implementation of the operations, collections, transport, and testing at the LABCORP Northlake Blvd location including blood draws and specimen processing.

94.     At all material times hereto, JANET ROMERO, had a duty to ensure the LABCORP Northlake Blvd location complied with CAP (College of American Pathologists) and CLIA (Clinical Laboratory Improvement Amendments) standards.

95.     At all material times hereto, JANET ROMERO, had a duty to ensure the that the testing products and flow cytometry blood draws were that of the consumer and were packaged and transported in compliance with Good Clinical Practices (GCP), and Good Laboratory Practices (GLP) and Good Manufacturing Practices (GMP).

Dulcie v. Labcorp, et al.
Complaint
Page 22

96.     Defendant, JANET ROMERO, owed a duty to CHRISTIAN DULCIE, to operate

LABCORP Northlake Blvd location in a manner that is consistent with professional laboratory

standards incorporated within LABCORP's highest ethical, scientific and medical standards in all

diagnostic, research, and development activities.

97.     Notwithstanding the duty undertaken, Defendant, JANET ROMERO, did or failed

to do one or more of the following acts, any or all of which were breaches in her duty of care:

a.   Failure to properly prepare specimens for testing;

b.   Failure to have necessary staff to ensure proper blood draws and specimen
     testing;

c.   Failure to recognize improper specimen collection and processing prior to
     transport;

d.   Failure to enact proper policies and procedures to ensure proper blood products
     and specimens are properly labeled.

98.     As a direct and proximate result of the acts and omissions of Defendant JANET

ROMERO, Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily injuries resulting in pain

and suffering, disability/physical impairment, past and future medical expenses, expense of

hospitalization, inconvenience, disability, mental anguish, loss of enjoyment of life, loss value of

gratuitous services, loss of earnings, loss of ability to earn money, and aggravation of a previously

existing condition. The losses are permanent and continuing and Plaintiff will continue to suffer

these losses in the future.

WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demands judgment

against Defendant, JANET ROMERO, for these damages and all other damages allowable by law,

and demands costs, post judgment interest, and a trial by jury.

Dulcie v. Labcorp, et al.
Complaint
Page 23

<div align="center">

### COUNT VIII
### PROFESSIONAL NEGLIGENCE OF DEFENDANT, PATRICE FRASER

</div>

99.     Plaintiff, CHRISTIAN DULCIE, re-alleges and incorporates by reference the

allegations contained in Paragraphs 1 through 42, and further alleges:

100.    At all material times hereto, PATRICE FRASER, was the patient service technician

of the LABCORP Northlake Blvd location in Palm Beach Gardens, Florida.

101.    At all material times hereto, PATRICE FRASER, was a patient service technician

had responsibility for blood draws, data entry, specimen processing, and clerical duties at the

LABCORP Northlake Blvd location including blood draws and specimen processing.

102.    At all material times hereto, PATRICE FRASER, had a duty to ensure the

LABCORP Northlake Blvd location complied with CAP (College of American Pathologists) and

CLIA (Clinical Laboratory Improvement Amendments) standards.

103.    At all material times hereto, PATRICE FRASER, had a duty to ensure the that the

testing products and flow cytometry blood draws were that of the consumer and were packaged

and transported in compliance with Good Clinical Practices (GCP), and Good Laboratory Practices

(GLP) and Good Manufacturing Practices (GMP).

104.    Defendant, PATRICE FRASER, owed a duty to CHRISTIAN DULCIE, to

properly perform blood draws and properly label and process the consumer's blood specimen.

105.    Notwithstanding the duty undertaken, Defendant, PATRICE FRASER, did or

failed to do one or more of the following acts, any or all of which were breaches in her duty of

care:

        a.   Failure to properly prepare specimens for testing;

        b.   Failure to properly draw and label blood specimen for transport and testing;

Dulcie v. Labcorp, et al.
Complaint
Page 24

    c.   Failure to recognize improper specimen collection and processing prior to transport; and

    d.   Failure to enact proper policies and procedures to ensure proper blood products and specimens are properly labeled.

    106.   As a direct and proximate result of the acts and omissions of Defendant PATRICE FRASER, Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily injuries resulting in pain and suffering, disability/physical impairment, past and future medical expenses, expense of hospitalization, inconvenience, disability, mental anguish, loss of enjoyment of life, loss value of gratuitous services, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and continuing and Plaintiff will continue to suffer these losses in the future.

    WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demands judgment against Defendant, PATRICE FRASER, for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

    Dated this 7th day of July, 2023.



*/s/ Jordan A. Dulcie*
Jordan A. Dulcie
Florida Bar No.: 118635
Attorney E-Mail: jdulcie@searcylaw.com
Primary E-Mail: _baker-barnesteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL 33409
Phone: (561) 686-6300
Fax: (561) 383-9401
Attorney for Plaintiff(s)



## JOSEPH ABRUZZO

**RECEIPT**
4963297

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
07/10/2023 11:10
Page 1 of 1

| Receipt Number: 4963297 - Date 07/10/2023  Time 11:10AM | | | |
|---|---|---|---|
| **Received of:** | Searcy Denney 6261 Windchime Place Boynton Beach, FL 33472 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 401.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 401.00 |
| **Receipt ID:** | 11347074 | **Remaining Balance:** | 0.00 |
| **Division:** | AO: Circuit Civil Central - AO(Civil) | | |

| Case# 50-2023-CA-011853-XXXX-MB -- PLAINTIFF/PETITIONER: DULCIE, CHRISTIAN | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 401.00 | 401.00 | 0.00 |
| **Case Total** | **401.00** | **401.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | ▆▆▆▆ | **401.00** |
| **Total Received** | | **401.00** |
| **Total Paid** | | **401.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.


NOT A CERTIFIED COPY

IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO: 50-2023-CA-011853-XXXX-MB

CHRISTIAN DULCIE,

        Plaintiff,

vs.

LABORATORY CORPORATION OF
AMERICA, SEAN FARRIER, M.D.,
YOLANDA WALTON, PATRICE FRASER,
and JANET ROMERO,

        Defendants.

_____/

## S U M M O N S:

THE STATE OF FLORIDA
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition

in this action on Defendant:

**LABORATORY CORPORATION OF AMERICA**
**c/o Corporation Service Company, Its Registered Agent**
**1201 Hays Street**
**Tallahassee, FL 32301-2525**

Each defendant is required to serve written defenses to the complaint or petition on Jordan A.

Dulcie, Esq. Plaintiff's attorney, whose address is Searcy Denney Scarola Barnhart & Shipley,

P.A., 2139 Palm Beach Lakes Blvd., West Palm Beach, FL 33409, within 20 days after service of

this summons on that Defendant, exclusive of the day of service, and to file the original of the

defenses with the Clerk of Court, Circuit Civil Division, Palm Beach County Courthouse, 205 N.

Dixie Highway, West Palm Beach, Florida 33409, either before service on plaintiff's attorney or

Dulcie v. Laboratory Corporation of America
Case No. 50-2023-CA-011853-XXXX-MB

immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant

for the relief demanded in the complaint or petition.

**Aug 30 2023**

DATED this _____ day of _____, 2023.

**JOSEPH ABRUZZO**
PALM BEACH COUNTY CLERK
OF CIRCUIT COURT (SEAL)

BY: _____
Deputy Clerk   **JOSIE LUCCE**

NOT A CERTIFIED COPY

Dulcie v. Laboratory Corporation of America
Case No. 50-2023-CA-011853-XXXX-MB

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

3 of 4

Dulcie v. Laboratory Corporation of America
Case No. 50-2023-CA-011853-XXXX-MB

This notice is provided pursuant to Administrative Order No. 2.207-7/22*

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.  Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____  /

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

      3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**. ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

_____

**Administrative Circuit Judge**

IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO: 50-2023-CA-011853-XXXX-MB

CHRISTIAN DULCIE,

       Plaintiff,

vs.

LABORATORY CORPORATION OF
AMERICA, SEAN FARRIER, M.D.,
YOLANDA WALTON, PATRICE FRASER,
and JANET ROMERO,

       Defendants.

_____/

**CIVIL ACTION SUMMONS**

**S U M M O N S:**
**PERSONAL SERVICE ON A NATURAL PERSON**

**TO:**    **Sean Farrier, M.D.**
       **5610 W. Lasalle Street**
       **Suite 100**
       **Tampa, FL 33617**

**I M P O R T A N T**

A lawsuit has been filed against you. You have 20 calendar days after this summons is

served on you to file a written response to the attached Complaint with the Clerk of this Court,

Palm Beach County Clerk of Court, Circuit Civil Division, 205 N. Dixie Highway, West Palm

Beach, Florida 33409. A phone call will not protect you. Your written response, including the

case number given above and the names of the parties, must be filed if you want the Court to hear

your side of the case. If you do not file your response on time, you may lose the case, and your

wages, money, and property may thereafter be taken without further warning from the Court.

NOT A CERTIFIED COPY

Dulcie v. Laboratory Corporation of America
Case No. 50-2023-CA-011853-XXXX-MB

There are other legal requirements.  You may want to call an attorney right away.  If you do not

know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone

book).

 If you choose to file a written response yourself, at the same time you file your written

response to the court you must also mail or take a copy of your written response to the

"Plaintiff/Plaintiff's Attorney" named below.

<div align="center">

Jordan A. Dulcie, Esq.
Florida Bar No. 118635
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
West Palm Beach, FL 33409

</div>

**THE STATE OF FLORIDA**

**TO EACH SHERIFF OF THE STATE:**

 YOU ARE COMMANDED to serve this summons and a copy of the complaint/petition in
this lawsuit on the above-named defendant(s).

DATED on this _____ day of _____, 2023.   **Aug 30 2023**



**JOSEPH ABRUZZO**
PALM BEACH COUNTY CLERK
OF THE CIRCUIT COURT (SEAL)

BY: _____
  Deputy Clerk   **JOSIE LUCCE**

Dulcie v. Laboratory Corporation of America
Case No. 50-2023-CA-011853-XXXX-MB

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta
notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una
llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe
presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes
interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser
despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.
Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente.
Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen
en la guia telefonica.
Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta
ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona
denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del
Demandante).


IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir
de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe
aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes
obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom
des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne
deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que
votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis
ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services
immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un
service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de
telephones).
Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en
meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au
"Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Dulcie v. Laboratory Corporation of America
Case No. 50-2023-CA-011853-XXXX-MB

This notice is provided pursuant to Administrative Order No. 2.207-7/22*

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____ /

**STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED
CASE MANAGEMENT PLAN IN CIVIL CASES
IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021
(DCMSO)**

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and
Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this
Circuit, the parties are informed of the following information and procedures applicable to civil
lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order
with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the
Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has
established guidelines for the prompt processing and resolution of civil cases. This Court has
adopted a case management system to help meet those guidelines. In contested cases, the parties
are required to participate in the case management system. The case management system requires
early consultation and cooperation among the parties for the preparation and submission of an
Agreed Case Management Plan and early involvement by the Court. The Agreed Case
Management Plan requires the parties to identify a case track, confer in good faith and attempt to
narrow the matters in controversy, identify the issues that require direct involvement by the Court,
and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be
accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed
Case Management Plan must be submitted to the assigned divisional queue via the Court's online
scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed
Case Management Plan on or before 130 days from the date of filing of the initial complaint. If
the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been
established in order to comply with the case disposition standards set forth in Florida Rule of General
Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties.  No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties.  If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

       3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**.  ADR provides parties with an out-of-court alternative to settling disagreements.  Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

       **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

_____
**Administrative Circuit Judge**

IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO: 50-2023-CA-011853-XXXX-MB

CHRISTIAN DULCIE,

        Plaintiff,

vs.

LABORATORY CORPORATION OF
AMERICA, SEAN FARRIER, M.D.,
YOLANDA WALTON, PATRICE FRASER,
and JANET ROMERO,

        Defendants.

_____/

**CIVIL ACTION SUMMONS**

**S U M M O N S:**
**PERSONAL SERVICE ON A NATURAL PERSON**

**TO:**     **Patrice Fraser**
          **1900 Echo Lake Drive**
          **West Palm Beach, FL 33407**

## I M P O R T A N T

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court, Palm Beach County Clerk of Court, Circuit Civil Division, 205 N. Dixie Highway, West Palm Beach, Florida 33409. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.

NOT A CERTIFIED COPY

Dulcie v. Laboratory Corporation of America
Case No. 50-2023-CA-011853-XXXX-MB

There are other legal requirements.  You may want to call an attorney right away.  If you do not

know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone

book).

     If you choose to file a written response yourself, at the same time you file your written

response to the court you must also mail or take a copy of your written response to the

"Plaintiff/Plaintiff's Attorney" named below.

<div align="center">

Jordan A. Dulcie, Esq.
Florida Bar No. 118635
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
West Palm Beach, FL 33409

</div>

**THE STATE OF FLORIDA**

**TO EACH SHERIFF OF THE STATE:**

     YOU ARE COMMANDED to serve this summons and a copy of the complaint/petition in
this lawsuit on the above-named defendant(s).

DATED on this _____ day of **Aug 30 2023** , 2023.



**JOSEPH ABRUZZO**
PALM BEACH COUNTY CLERK
OF THE CIRCUIT COURT (SEAL)

BY: _____

Deputy Clerk  **JOSIE LUCCE**

Dulcie v. Laboratory Corporation of America
Case No. 50-2023-CA-011853-XXXX-MB

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta
notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una
llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe
presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes
interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser
despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.
Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente.
Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen
en la guia telefonica.
Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta
ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona
denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del
Demandante).


IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir
de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe
aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes
obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom
des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne
deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que
votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis
ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services
immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un
service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de
telephones).
Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en
meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au
"Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Dulcie v. Laboratory Corporation of America
Case No. 50-2023-CA-011853-XXXX-MB

This notice is provided pursuant to Administrative Order No. 2.207-7/22*

> **"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

> **"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda,    Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

> "Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

**STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED
CASE MANAGEMENT PLAN IN CIVIL CASES
IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021
(DCMSO)**

  Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

  1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

  2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**. ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

**Administrative Circuit Judge**

IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO: 50-2023-CA-011853-XXXX-MB

CHRISTIAN DULCIE,

        Plaintiff,

vs.

LABORATORY CORPORATION OF
AMERICA, SEAN FARRIER, M.D.,
YOLANDA WALTON, PATRICE FRASER,
and JANET ROMERO,

        Defendants.

_____/

**CIVIL ACTION SUMMONS**

**S U M M O N S:**
**PERSONAL SERVICE ON A NATURAL PERSON**

**TO:**     **Yolanda Walton**
             **8208 Amalfi Circle**
             **Fort Pierce, FL 34951-4402**

**I M P O R T A N T**

     A lawsuit has been filed against you.  You have 20 calendar days after this summons is

served on you to file a written response to the attached Complaint with the Clerk of this Court,

Palm Beach County Clerk of Court, Circuit Civil Division, 205 N. Dixie Highway, West Palm

Beach, Florida 33409.  A phone call will not protect you.  Your written response, including the

case number given above and the names of the parties, must be filed if you want the Court to hear

your side of the case.  If you do not file your response on time, you may lose the case, and your

wages, money, and property may thereafter be taken without further warning from the Court.

There are other legal requirements.  You may want to call an attorney right away.  If you do not

NOT A CERTIFIED COPY

Dulcie v. Laboratory Corporation of America
Case No. 50-2023-CA-011853-XXXX-MB

know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone

book).

If you choose to file a written response yourself, at the same time you file your written

response to the court you must also mail or take a copy of your written response to the

"Plaintiff/Plaintiff's Attorney" named below.

**Jordan A. Dulcie, Esq.**
**Florida Bar No. 118635**
**Searcy Denney Scarola Barnhart & Shipley, P.A.**
**2139 Palm Beach Lakes Blvd.**
**West Palm Beach, FL 33409**

**THE STATE OF FLORIDA**

**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint/petition in this lawsuit on the above-named defendant(s).

**Aug 30 2023**

DATED on this _____ day of _____, 2023.

**JOSEPH ABRUZZO**
PALM BEACH COUNTY CLERK
OF THE CIRCUIT COURT (SEAL)

BY: _____

Deputy Clerk   **JOSIE LUCCE**

NOT A CERTIFIED COPY

Dulcie v. Laboratory Corporation of America
Case No. 50-2023-CA-011853-XXXX-MB


### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.
Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).


### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).
Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Dulcie v. Laboratory Corporation of America
Case No. 50-2023-CA-011853-XXXX-MB

This notice is provided pursuant to Administrative Order No. 2.207-7/22*

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda, Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____ /

**STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED
CASE MANAGEMENT PLAN IN CIVIL CASES
IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021
(DCMSO)**

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

        3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**. ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

        **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

_____

**Administrative Circuit Judge**



**JOSEPH ABRUZZO**

# RECEIPT
5025615

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
08/30/2023 07:13
Page 1 of 1

| Receipt Number: 5025615 - Date 08/30/2023  Time 7:12PM | | | |
|---|---|---|---|
| **Received of:** | Searcy Denney<br>6261 Windchime Place<br>Boynton Beach, FL 33472 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 40.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 40.00 |
| **Receipt ID:** | 11413752 | **Remaining Balance:** | 0.00 |
| **Division:** | AO: Circuit Civil Central - AO(Civil) | | |

| Case# 50-2023-CA-011853-XXXX-MB -- PLAINTIFF/PETITIONER: DULCIE, CHRISTIAN | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 40.00 | 40.00 | 0.00 |
| **Case Total** | **40.00** | **40.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD |  | **40.00** |
| **Total Received** | | **40.00** |
| **Total Paid** | | **40.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AO"
CASE NO.: 50-2023-CA-011853-XXXX-MB

CHRISTIAN DULCIE,
     Plaintiff/Petitioner

vs.

LABORATORY CORPORATION OF AMERICA,
SEAN FARRIER, MD,
YOLANDA WALTON,
et al.,
     Defendant/Respondents.

_____/

**ORDER IMPLEMENTING DIFFERENTIATED CASE MANAGEMENT PLAN,**
**DESIGNATING CASE TO THE GENERAL TRACK,**
**ORDER SETTING CALENDAR CALL AND CASE MANAGEMENT CONFERENCE**
**AND DIRECTING PRETRIAL AND MEDIATION PROCEDURES**
**(DCMGJT)**

     **THIS MATTER** is a Circuit Civil case calling for a jury trial. Accordingly, it is

     **ORDERED AND ADJUDGED** that pursuant to Administrative Order 3.110 (as amended), this case is designated to the **GENERAL TRACK**. The deadlines established by this Order are to ensure the case is **disposed of within 18 months.** To that end, the following procedures and deadlines shall be strictly observed:

I.  **SERVICE OF THIS ORDER, ACTIVE CASE MANAGEMENT AND NON-COMPLIANCE**

     **Plaintiff/Petitioner is directed to serve this Order upon each Defendant/Respondent forthwith.** The deadlines and procedures set forth herein are firm and may be modified only upon a showing of a good faith attempt to comply with the deadlines or demonstration of a significant change of circumstances and through the process established in the 15th Circuit's Administrative Order 3.110 (as amended).

     The parties are expected to actively manage the case and to confer early and often to ensure compliance with this order and timely resolution of the case. The parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism, and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements.

     **Self-Represented/Pro se litigants** (i.e. those without counsel) are held to the same obligations imposed upon counsel.

     **Motions to extend deadlines** must be filed *prior* to the deadline. Untimely motions will be denied absent compelling circumstances and showing of good cause.

     **NONCOMPLIANCE WITH THIS ORDER, ABSENT A SHOWING OF GOOD CAUSE, MAY RESULT IN DISMISSAL OF THE ACTION, THE STRIKING**

Case No. 50-2023-CA-011853-XXXX-MB

**OF PLEADINGS, WITNESSES, OR EXHIBITS, REMOVAL OF THE CASE FROM THE DOCKET, DEFAULT OR ANY OTHER APPROPRIATE SANCTION.**

The failure to act in good faith and comply with this order must be reported, if not resolved through a conference of the parties and good faith conferral, by filing a **"Suggestion of Non-Compliance with Pre-Trial Order"** that must be set for hearing in a timely manner. The Suggestion must name the non-compliant person, describe the act of non-compliance, be served upon all parties and sent to the Court's chambers. Responses may only be submitted upon request of the Court. Failure to correct any non-compliance before the hearing may result in sanctions as described above. The parties will notify the Court immediately if non-compliance is cured; if cured more than 7 days before the hearing, the hearing may be cancelled.

II. <u>**SCHEDULING, CONTINUANCES AND PRETRIAL DEADLINES**</u>

**A CASE MANAGEMENT CONFERENCE and CALENDAR CALL will be held on January 17, 2025**. The parties must be ready to try the case by that day. The specific time of Case Management Conference and procedures for conducting Calendar Call can be found on the Division's webpages at www.15thcircuit.com. The Calendar Call may be conducted in-person or by e-calendar.

The trial period begins the first business day of the immediately following week after the above-listed Case Management Conference and Calendar Call, unless otherwise described in the divisional instructions or by court order.

**TRIAL CONTINUANCES:** If a case cannot be ready for trial by the Calendar Call despite all good faith efforts, a motion to continue trial must be set for a Differentiated Case Management (DCM) Conference as described in the 15th Circuit's Administrative Order 3.110 (as amended) and the next paragraph. Any motion to continue the trial must comply with Fla. R. Civ. P. Rule 1.460, including that they are signed by the client. The Motion must be filed and the DCM Conference set no more than **30 DAYS** from the last defendant being served or as soon as circumstances giving rise to the need for a continuance becomes known and only for good cause. Every motion for a continuance must include a proposed Amended DCMO resetting each pretrial deadline that remains applicable and indicating the month the case can be ready for trial.

**DCM CONFERENCES:** DCM conferences are scheduled through the Circuit's Online Scheduling System under DCM- Case Management Conference Scheduling. No less than ten (10) days in advance of the DCM Conference the parties must file with the Clerk a Joint Status Report that:

1. Concisely updates the Court on the status of the case,
2. Identifies pending motions and other matters the Court needs to address, and
3. If applicable, provides a proposed revised pretrial schedule.

The parties must upload the Joint Status report at least 7 days in advance of a DCM Conference through the e-courtesy feature of the Circuit's Online Scheduling System. The parties are to be prepared at the DCM Conference to address the topics listed in Rule 1.200(a) and for the court, at its discretion, to hear or set for hearing any pending motions.

**The following deadlines (discussed in detail below) apply unless otherwise modified**

Case No. 50-2023-CA-011853-XXXX-MB

by the Court:

| | EVENTS | DESCRIPTION | COMPLETION DEADLINE |
|---|---|---|---|
| 1. | Service of Complaint | See Part III.A, infra | November 4, 2023 Service under extension is only by court order. |
| 2. | Pleading Amendments/ Adding parties | See Part III.B, infra | January 3, 2024 |
| 3. | Resolution of all motions/objections directed to the pleadings *(i.e. to dismiss or strike)* and pleadings closed * | See Part III.B, infra | March 13, 2024 |
| 4. | Expert Witnesses and Compulsory Examinations | See Part III.D, infra | September 19, 2024 |
| 5. | Witness & Exhibit Lists | See Part III.C, infra | September 19, 2024 |
| 6. | Rebuttal Witness Lists | See Part III.E, infra | October 9, 2024 |
| 7. | Filing Summary Judgment & *Daubert* Motions | See Part III.J, infra | October 19, 2024 |
| 8. | Discovery Cut-Off | See Part III.H, infra | October 19, 2024 |
| 9. | Pre-Trial Meet & Confer | See Part III.I, infra | December 18, 2024 |
| 10. | Deposition Designations | See Part III.G, infra | December 28, 2024 |
| 11. | Deadline for Mediation | See Part IV, infra | January 7, 2025 |
| 12. | Deadline to hear ALL Motions | See Part III.J, infra | January 12, 2025 |
| 13. | Jury Instructions and Verdict Form | See Part III.O, infra | January 14, 2025 |
| 14. | Trial Ready Date ** | See Part II, supra | January 17, 2025 |

**Fla. R. Gen. Prac. & Jud. Admin. Rule 2.514 governs if any deadlines falls on a weekend or holiday.**

\* The parties must expeditiously address any motions directed to the pleadings. Defensive motions under Rule 1.140 of the Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue shall be set for hearing within **five (5) days** of filing. The motion should be scheduled for hearing at the earliest date that the Court and parties are available.

\*\* The Court reserves the authority to expedite the trial setting and amend the pretrial deadlines accordingly.

III. **UNIFORM PRETRIAL PROCEDURES**

   A. **Timely Service and Defaults:**

   Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within 90 days, an Order will be issued directing service by the **120 DAY DEADLINE**. Failure to comply will result in dismissal of the case or party for lack

Case No. 50-2023-CA-011853-XXXX-MB

of service. Any motions to extend the deadline for service must specify why service could not have been effectuated, what is being done to effectuate service and request only that amount of additional time necessary.

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **30 days** of the last default and set for hearing at the next available hearing time.

B. **Amendment of Pleadings, Motions Directed at Pleadings and Notice for Trial:**

Any Motions to Amend Pleadings to add parties, must be filed no later than the first business day **180 DAYS AFTER THE CASE IS FILED**.

The parties must expeditiously address any other motions directed to the pleadings. Defensive motions under Rule 1.140, Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue must be set for hearing within **5 days** of filing to be heard at the earliest date that the Court and parties are available.

If the pleadings are not closed and the case not at issue **250 DAYS AFTER FILING**, the parties must appear for a DCM Conference to be noticed and held in accordance within the 15th Circuit's Administrative Order 3.110 and Divisional Instructions located on the Circuit's website for the Division to which the case is assigned.

C. **Exhibits and Witnesses**. On the last business day no later than **120 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of all trial exhibits, names and addresses of all trial witnesses.

D. **Expert Witnesses and Compulsory Medical Examinations.** If Expert Witnesses or Compulsory Medical Examinations are anticipated, the Parties must confer and establish a schedule for completing related discovery, including deadlines for disclosures, written discovery, depositions and motions directed at Experts or Compulsory Medical Examiners that will result in the completion of Expert/CME Discovery and resolution of Motions directed at them at least **120 DAYS BEFORE TRIAL**.

If agreed, the parties must submit a proposed Expert/CME Scheduling Order for entry by the Court. If not, the parties must appear for a DCM Case Management Conference.

**Expert Disclosures:** In addition to names and addresses of each expert retained to formulate an expert opinion with regard to this cause, both on the initial listing and on rebuttal, the parties must provide:

1. The subject matter about which the expert will testify;
2. The substance of facts and opinions to which the expert will testify;
3. A summary of the grounds for each opinion;
4. A copy of any written reports issued by the expert; and
5. A copy of the expert's curriculum vitae.

**One Expert Per Specialty:** The parties will be limited to one expert witness per specialty unless they obtain leave of Court to list and call more than one expert

Case No. 50-2023-CA-011853-XXXX-MB

witness per specialty, no later than 60 days prior to calendar call.

E. **Rebuttal Witnesses and Exhibits.** On the last business day no later than **100 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of names and addresses of all rebuttal witnesses and list of any rebuttal exhibits.

F. **Additional Exhibits, Witnesses Or Objections.** At trial, the parties will be strictly limited to exhibits and witnesses disclosed and objections reserved on the schedules attached to the Pre-Trial Stipulation prepared in accordance with paragraphs D and E, absent agreement specifically stated in the Pre-Trial Stipulation or order of the Court upon good cause shown. Failure to reserve objections constitutes a waiver. A party desiring to use an exhibit or witness discovered after counsel have conferred pursuant to paragraph D must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Use of the exhibit or witness may be allowed by the Court for good cause shown or to prevent manifest injustice.

G. **Deposition Designations.** No later than **20 DAYS PRIOR TO CALENDAR CALL**, each party must serve designation of depositions, or portions of depositions, each intends to offer as testimony. No later than **10 DAYS PRIOR TO CALENDAR CALL**, each opposing party is to serve any counter (or "fairness") designations to portions of depositions designated, together with objections to the depositions, or portions thereof, originally designated. No later than **5 DAYS BEFORE** calendar call, each party must serve any objections to counter designations served by an opposing party.

H. **Discovery Cutoff.** Unless otherwise agreed in the Pre-Trial Stipulation, all discovery must be completed no later than **90 DAYS PRIOR TO CALENDAR CALL** absent agreement for later discovery specifically stated in the Pre-Trial Stipulation or for other good cause shown. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

I. **Pre-Trial Meet and Confer.** On the last business day no later than **30 DAYS PRIOR TO CALENDAR CALL**, the parties must confer and:

1. Discuss settlement;
2. Simplify the issues and stipulate, in writing, as to as many facts and issues as possible;
3. Prepare a Pre-Trial Stipulation in accordance with paragraph E; and
4. List all objections to trial exhibits.

J. **Motions:** The Parties must plan for, file and timely set hearings for any motions they expect the Court to address in advance of trial. **No motions will be heard the day of trial**. Few are appropriate after Calendar Call. The parties must confer early in the case and coordinate briefing and discovery schedules, as necessary, to ensure motions are timely heard.

While motion practice is critical to the advancement and streamlining of a case, the Parties are reminded they **DO NOT have an absolute right to most motions being heard**. Failure to timely file and set motions for hearing in advance of Calendar Call

Case No. 50-2023-CA-011853-XXXX-MB

will likely result the Court denying a request for hearing. Failure to file and have a motion heard is not grounds for a trial continuance.

**Summary Judgment and *Daubert* Motions** must be filed at least **90 DAYS prior to Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions to motions in limine), must be heard no less than **5 days before Calendar Call**. Parties must plan and seek hearing time sufficiently in advance to ensure this deadline is met.

K. **Filing of Pre-Trial Stipulation.** It is the duty of counsel for the Plaintiff to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **20 DAYS PRIOR TO CALENDAR CALL**. Unilateral pretrial statements are disallowed, unless approved by the Court, after notice and hearing showing good cause. Counsel for all parties are charged with good faith cooperation in this regard. The Pre-Trial Stipulation must contain in separately numbered paragraphs:

1. A list of all pending motions including Motions *In Limine* and *Daubert* Motions requiring action by the Court and the dates those motions are set for hearing. **Motions not listed are deemed waived**.

2. Stipulated facts requiring no proof at trial which may be read to the trier of fact;

3. A statement of all issues of fact for determination at trial;

4. Lists of exhibits itemized as follows:

   a. Exhibits to be admitted by Plaintiff without objection;

   b. Exhibits to be admitted by Defendant without objection;

   c. Objected to Exhibits, with the specific basis for the objection stated.

   Note: Reasonably specific description of each exhibit is required. Non-specific descriptions like "all documents produced in discovery" will be stricken. Moreover, Objections may not be "reserved." Failure to specify an objection constitutes its waiver.

5. Each party's numbered list of trial witnesses with addresses (including all known rebuttal witnesses); the list of witnesses must be on separate schedules attached to the Stipulation;

6. A statement of total estimated time for trial, including the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.

7. Names of attorneys to try case and their contact information; and

8. The number of peremptory challenges per party.

Failure to file the Pre-Trial Stipulation or a Court Approved Unilateral Stipulation as provided above may result in the case being stricken from the Court's calendar or other sanctions, including dismissal or default.

Case No. 50-2023-CA-011853-XXXX-MB

L.   **Pre-Trial Conference pursuant to Fla. R. Civ. P. 1.200** If a pre-trial conference is set upon motion of a party or by the Court, counsel must meet and prepare a stipulation pursuant to paragraph K, infra, and file the stipulation no later than **5 DAYS BEFORE THE CONFERENCE**. Failure to request a pre-trial conference in a timely fashion constitutes a waiver of the notice of requirement of Rule 1.200. Absent prior approval, Motions for Summary Judgment will not be heard at any pre-trial conference.

M.   **Pre-Marking Exhibits.** Prior to trial, each party is to mark for identification all exhibits, as directed by the clerk. (instructions and templates found at www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence)

N.   **Enlarged Jury Panels:** Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least 6 months before calendar call.

O.   **Jury Instructions and Verdict Form:** A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **3 days BEFORE TRIAL** in a printed form appropriate for submission to the jury and in Microsoft Word format.

If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

P.   **Unique Questions Of Law.** Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

IV.   **MEDIATION**

A.   All parties are required to participate in mediation as follows:

1.   The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.

2.   At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of issues as to each party.

3.   All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.

4.   The mediator has no power to compel or enforce a settlement agreement. If a settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

   B. The Plaintiff's attorney is responsible for scheduling mediation. The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

   C. **Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than 10 DAYS PRIOR TO CALENDAR CALL.** If mediation is not conducted, or if a party fails to participate in mediation, the case, at the Court's discretion, may be stricken from the trial calendar, pleadings may be stricken, and other sanctions may be imposed.

   D. Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

  **DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2023-CA-011853-XXXX-MB   09/08/2023
James Nutt   Circuit Judge

50-2023-CA-011853-XXXX-MB     09/08/2023
James Nutt
Circuit Judge

**COPIES TO:**
**Plaintiff/Petitioner is directed to serve this Order upon each Defendant/Respondent forthwith.**

Case No. 50-2023-CA-011853-XXXX-MB

This notice is provided pursuant to Administrative Order No. 2.207

"**If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**"

"**Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**"

"**Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.**"

IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO: 50-2023-CA-011853-XXXX-MB

CHRISTIAN DULCIE,

        Plaintiff,

vs.

LABORATORY CORPORATION OF
AMERICA, SEAN FARRIER, M.D.,
YOLANDA WALTON, PATRICE FRASER,
and JANET ROMERO,

        Defendants.

_____/

### AMENDED COMPLAINT

    Plaintiff, CHRISTIAN DULCIE, individually, hereby sues Defendants, LABORATORY

CORPORATION OF AMERICA, SEAN FARRIER, M.D., YOLANDA WALTON, PATRICE

FRASER, and JANET ROMERO, and states as follows:

### GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

    1.    This is a professional negligence and fraud action and is being brought pursuant to

Florida Statutes and Common Law of Florida, with damages exceeding Fifty Thousand Dollars

($50,000.00), exclusive of interest and costs and within the jurisdiction of this court.

    2.    At all material times hereto, Plaintiff CHRISTIAN DULCIE, individually, was a

resident of Palm Beach County, Florida.

    3.    At all times material hereto, Defendant, LABORATORY CORPORATION OF

AMERICA (hereinafter referred to as Defendant "LABCORP"), was and is a foreign for-profit

company with its principal place of business in Burlington, North Carolina.

Dulcie v. Labcorp, et al.
Amended Complaint
Page 2

4.     At all times material hereto, Defendant, LABORATORY CORPORATION OF AMERICA (hereinafter referred to as Defendant "LABCORP"), operated and conducted business throughout the state of Florida including Palm Beach County, Florida.

5.     At all material times hereto, Plaintiff CHRISTIAN DULCIE, individually, was a consumer of testing products at Defendant LABCORP Northlake location in Palm Beach County, Florida.

6.     At all times material hereto, Defendant, LABCORP, was in the business of operating for-profit laboratory testing centers and producing hematopathology tests and providing comprehensive oncology laboratory testing services and products to the public and the Plaintiff, CHRISTIAN DULCIE.

7.     At all times material hereto, Defendant, LABCORP, is vicariously responsible for the actions of its doctors, nurses, agents, apparent agents, servants, and/or employees acting within the scope and course of their agency, apparent agency, servitude, and/or employment at their company and testing centers including, but not limited to, SEAN FARRIER, M.D., YOLANDA WALTON, PATRICE FRASER, and JANET ROMERO.

8.     At all times material hereto, YOLANDA WALTON, was the supervisor of the LABCORP Northlake Blvd location in Palm Beach Gardens, Florida who resides in Palm Beach County, Florida.

9.     At all times material hereto, PATRICE FRASER, was the patient service technician of the LABCORP Northlake Blvd location in Palm Beach Gardens, Florida who resides in Palm Beach County, Florida.

Dulcie v. Labcorp, et al.
Amended Complaint
Page 3

10.      At all times material hereto, JANET ROMERO, was the Site Coordinator of the

LABCORP Northlake Blvd location in Palm Beach Gardens, Florida who resides in Palm Beach

County, Florida.

11.      At all times material hereto, SEAN FARRIER, M.D., was and is the Vice President

of Pathology Services and the Medical Director of the Southeast Division of LabCorp who resides

in Hillsborough County, Florida.  He has served as medical director of LabCorp's Southeast

division since 2008 which includes Florida.

12.      Venue is proper in Palm Beach County, Florida because the facts that give rise to

this cause of action take place in Palm Beach County and more than one Defendant resides in Pam

Beach County, Florida.

**FACTS GIVING RISE TO CLAIM**

13.      On December 30, 2016, Christian Dulcie presented to DEFENDANT LABCORP

on Northlake Blvd in Palm Beach Gardens, Florida, with Orders from his physician to undergo a

number of blood tests, including a peripheral flow cytometry. Multiple tubes of blood were drawn

from Christian at the Northlake Blvd facility of DEFENDANT LABCORP on December 30, 2016

by PATRICE FRASER.

14.      On January 5, 2017, DEFENDANT LABCORP faxed a copy of Christian Dulcie's

lab results from the December 30, 2016 testing to an assistant of the ordering physician, but using

an incorrect address for a different cancer center. DEFENDANT LABCORP included a note at the

end of those results indicating they had not performed the flow cytometry because "LabCorp was

unable to obtain a suitable specimen."

Dulcie v. Labcorp, et al.
Amended Complaint
Page 4

15.     Christian Dulcie was subsequently instructed by phone to return to DEFENDANT

LABCORP to have more blood drawn for the flow cytometry test.

16.     On Friday, January 20, 2017, Christian Dulcie returned to DEFENDANT

LABCORP on Northlake Blvd in Palm Beach Gardens, Florida, where he provided his name at

the check-in counter. The facility was extremely busy and it appeared that only one individual,

Patrice Fraser, was working at that facility.

17.     On Friday, January 20, 2017, Christian Dulcie was made to wait a considerable

period of time with multiple other patients in the waiting area of DEFENDANT LABCORP on

Northlake Blvd in Palm Beach Gardens, Florida, who were advised the facility was short-staffed

with only one staff member present. Patrice Fraser was employed as a patient service technician

responsible for the drawing of Mr. Dulcie's blood, data entry, and specimen processing. Yolanda

Walton was the supervisor of the LABCORP facility on Northlake Blvd but was not present at the

facility nor did she have sufficient personnel to handle the volume of customers at that facility at

that time.

18.     On Friday, January 20, 2017, Christian Dulcie was eventually called directly back

to the venipuncture room from the waiting area of DEFENDANT LABCORP on Northlake Blvd

in Palm Beach Gardens, Florida, where the same woman moving about the check-in area,

phlebotomist Patrice Fraser, then drew his blood.

19.     There was no exchange of paperwork upon arrival or upon Christian Dulcie's

entering and leaving the venipuncture room at DEFENDANT LABCORP on Northlake Blvd in

Palm Beach Gardens, Florida on January 20, 2017.

Dulcie v. Labcorp, et al.
Amended Complaint
Page 5

20.     In late 2016 and early 2017, the DEFENDANT LABCORP facility on Northlake

Blvd in Palm Beach Gardens, Florida was persistently under-staffed, sometimes with only one

worker on duty and arriving patients forced to wait long periods – an unsafe situation recounted

by the many concerned patients who submitted contemporaneous online reports of their troubling

experience at this South Florida laboratory facility.

21.     Furthering the unsafe atmosphere at the DEFENDANT LABCORP facility on

Northlake Blvd in Palm Beach Gardens, Florida on January 20, 2017, was Site Coordinator, Janet

Romero, who allowed only a single phlebotomist to handle the check-in and documents herself for

the many patients arriving, in addition to drawing the blood and handling the chain-of-custody

disposition of those blood tubes.

22.     The unsafe atmosphere at the DEFENDANT LABCORP facility on Northlake Blvd

in Palm Beach Gardens, Florida on Friday, January 20, 2017 was further accentuated by the chaotic

musical chairs of the waiting patients, with many patients lined up and waiting their turn only to

be "bumped" by new patients arriving with pre-appointments who would be pushed to the front of

the line.

23.     Records eventually obtained from DEFENDANT LABCORP indicate blood

purportedly to be that drawn from Christian Dulcie on Friday, January 20, 2017 at the

DEFENDANT LABCORP facility on Northlake Blvd in Palm Beach Gardens, arrived in North

Carolina on Tuesday, January 24, 2017 – with no chain-of-custody log as to where Christian

Dulcie's blood went from the time of his venipuncture on January 20, 2017 at the DEFENDANT

LABCORP facility in Palm Beach Gardens through its course of travels over the next four days.

Dulcie v. Labcorp, et al.
Amended Complaint
Page 6

24.    In its January 26, 2017 report of the analysis of blood alleged to have been drawn from Christian Dulcie at DEFENDANT LABCORP on Northlake Blvd in Palm Beach Gardens, Florida, the DEFENDANT LABCORP identified expression of abnormal clonal B-cells present and making up nearly 20% of the total cell population, with emphasis on positive CD5 and CD23 markers, and concluding the findings to be typical of the cancer phenotype and emerging disease process of Chronic Lymphocytic Leukemia/Non-Hodgkin's Lymphoma.

25.    Unbeknownst to Christian Dulcie and his treating physicians at the time, and presumably unbeknownst to the second victim of DEFENDANT LABCORP's 2017 errors, the blood that DEFENDANT LABCORP analyzed in its North Carolina facility on January 24 and January 25, 2017 to produce the January 26, 2017 flow cytometry results of CLL/NHL for Christian Dulcie, was not and could not have been the blood of Christian Dulcie – an indisputable scientific, medical fact that only DEFENDANT LABCORP knew at the time but which they concealed from the Plaintiff, Christian Dulcie for 5 more years.

26.    As a direct result of DEFENDANT LABCORP's January 26, 2017 detailed, persuasive laboratory report on specific cancer markers found in the blood purported to be that of Christian Dulcie, he was diagnosed with an emerging Chronic Lymphocytic Leukemia/Non-Hodgkin's Lymphoma in 2017 and advised to continue oncological care and surveillance. Such oncological care and surveillance included invasive bone marrow testing and high levels of radiation imaging tests including full body CT scans.

27.    Efforts were undertaken by Christian Dulcie by phone and in writing beginning in February and March of 2017, to obtain his complete file of all logs, records and other pathology materials in the custody of DEFENDANT LABCORP, which were denied by DEFENDANT

Dulcie v. Labcorp, et al.
Amended Complaint
Page 7

LABCORP despite clear authorization. This clearly put DEFENDANT LABCORP on notice about the testing and results of Mr. Dulcie's blood tests that could result in future claims or litigation. DEFENDANT LABCORP also had a duty to preserve such evidence pursuant to Federal Law under Title 42 CFR Part 493.

28.    DEFENDANT LABCORP was also requested in writing by Christian Dulcie and his representatives beginning in 2017, to preserve all of his pathology records, chain-of-custody logs, notes, slides, and other testing materials as required by CLIA and CAP standards, where 10 years retention is cited as the minimum period for preserving the slides.

29.    When the requests were made in 2017, M. Rachael Dimont, Senior Corporate Counsel, was made aware of such requests along with Deanna Peaden, Laboratory Support Supervisor of Women's Health, Genetics and Oncology. They were responsible for the handling of the requests and were acting on behalf of Defendant LABCORP.

30.    Subsequent repeat testing was done that provided results inconsistent with DEFENDANT LABCORP's finding which drew into question the validity of such testing; however, because DEFENDANT LABCORP never provided any of the request materials and blood specimens, Christian Dulcie could not determine what error, if any occurred, whether it was a misinterpretation by the hematopathologist at LABCORP or an error by the oncologist. However, we know after the fact that based on representations by LABCORP through M. Rachael Dimont and Deanna Peaden that the specimen was not misinterpreted by their hematopathologist but rather was a completely different blood sample. The concealment of such information and data caused Christian Dulcie to continue with invasive oncological management and supervision for the next 5 years which led to emotional distress and ongoing anxiety.

Dulcie v. Labcorp, et al.
Amended Complaint
Page 8

31.     As a result of the concealment of the testing data, Christian Dulcie remained under oncological care and surveillance for the terminal cancer process. M. Rachael Dimont and Deanna Peaden consistently prevented the disclosure of important data for years between 2017 and 2022 including the blood specimens, requisition forms, and underlying data.

32.     It wasn't until repeat flow cytometry testing from an outside provider in late 2021 that came back negative for cancer cells that Christian Dulcie felt compelled to procure outside hematopathology expertise to investigate the validity of DEFENDANT LABCORP's 2017 cancer test and results.

33.     A thorough investigation and review of this matter conducted in 2022 by pre-eminent Duke hematologist Ken Young, M.D., without the support of DEFENDANT LABCORP who has continued to conceal their actions and pathology evidence, has proven there are NO cancer markers in Christian Dulcie's blood after repeated testing through late 2021, and no clinical signs of the emerging cancer process defined by DEFENDANT LABCORP in their testing report of January 2017.

34.     On March 2, 2022, Deanna Peaden, Laboratory Support Supervisor at LABCORP, informed Christian Dulcie for the first time, 5 years after the testing, that "[they] no longer have the blood specimen that was utilized for the flow cytometry testing. The specimen was discarded after seven days in accordance with our specimen retention policy.  We never received any tissue in connection with this testing and we do not have any other tissue or slides for Mr. Dulcie in connection with any other testing."

Dulcie v. Labcorp, et al.
Amended Complaint
Page 9

35.     This act of destruction of evidence, specifically the blood specimens slides and chain-of -custody records, by LABCORP and its employees is in violations of Title 42 CFR Part 493 and violates CLIA and CAP standards.

36.     DEFENDANT LABCORP specifically identified the blood product labeled as Christian Dulcie's with specimen number 020-732-51280 while having a separate surgical pathology number identified as SJ7851215 which illustrates that they had slides and surgical pathology specimens that required retention to which LABCORP claims no longer exists or has been destroyed.

37.     DEFENDANT LABCORP made a concerted effort to conceal and destroy their laboratory data and blood specimens, while withholding critical data over a period of 5 years that made determining what actual errors occurred to be impossible. DEFENDANT LABCORP's actions precluded Plaintiff from having an independent analysis of the blood specimen product they tested and represented what was his blood in final reports. Yet, DEFENDANT LABCORP now claims the pathology materials related to Christian Dulcie were discarded and/or are not in their possession, furthering DEFENDANT LABCORP's fraud and concealment in this matter.

38.     The investigation and conclusions of Ken Young, M.D. in 2022 was the first time any information was known or could have been known that the abnormal flow cytometry findings reported by DEFENDANT LABCORP on January 26, 2017, were not derived from the blood of Christian Dulcie but rather were a completely different blood product or test of another patient. It is scientifically impossible for those abnormal cancer markers to disappear and for the patient's marrow to cease production of the aberrant cloning of these cells, and in fact, the disease process only worsens over time.

Dulcie v. Labcorp, et al.
Amended Complaint
Page 10

39.     Christian Dulcie learned in 2022, through the diligent work of Ken Young, M.D., that not only did he not ever have cancer, but that the blood he gave on January 20, 2017 at the DEFENDANT LABCORP on Northlake Blvd in Palm Beach Gardens, Florida, was not the same blood that ended up at the North Carolina facility and which was fraudulently assigned to his name and given a diagnosis of cancer.

40.     Until Dr. Young's investigation and findings, Christian Dulcie had no way of knowing of the 2017 laboratory error of another blood product and/or other's test by the DEFENDANT LABCORP which caused him to be falsely diagnosed with cancer.

41.     DEFENDANT LABCORP knew or should have known of their error at the time of testing in January 2017, and certainly by the time multiple inquiries were being made of them in the months to follow where they denied access to Christian Dulcie's full file and engaged in the destruction of evidence.

42.     DEFENDANT LABCORP either intentionally failed to investigate their laboratory blood sampling error, or they chose to internalize their findings and conceal the error from Christian Dulcie, his treating physicians, and the other victim of the laboratory error, constituting an overt act of fraud and concealment.

**COUNT I**
**FRAUDULENT CONCEALMENT AGAINST DEFENDANT, LABORATORY**
**CORPORATION OF AMERICA**

43.     Plaintiff, CHRISTIAN DULCIE, individually, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 42, and further alleges:

Dulcie v. Labcorp, et al.
Amended Complaint
Page 11

44.     Defendant, LABCORP, owed a duty to CHRISTIAN DULCIE, to laboratory

testing and products in accordance with prevailing laboratory standards and in accordance with

State and Federal law in light of all relevant circumstances.

45.     Under 42 C.F.R §493.1105, Defendant, LABCORP had a legal obligation to retain

the following:

> (a) The laboratory must retain its records and, as applicable, slides, blocks,
> and tissues as follows:
>
> (1) Test requisitions and authorizations.  Retain records of test requisitions
> and test authorizations, including the patient's chart or medical record if
> used as the test requisition or authorization, for at least 2 years.
>
> (2) Test procedures.  Retain a copy of each test procedure for at least 2 years
> after a procedure has been discontinued. Each test procedure must include
> the dates of initial use and discontinuance.
>
> (3) Analytic systems records.  Retain quality control and patient test records
> (including instrument printouts, if applicable) and records documenting all
> analytic systems activities specified in §§ 493.1252 through 493.1289 for at
> least 2 years. In addition, retain the following:
>
> (i) Records of test system performance specifications that the laboratory
> establishes or verifies under § 493.1253 for the period of time the laboratory
> uses the test system but no less than 2 years.
>
> (ii) Immunohematology records, blood and blood product records, and
> transfusion records as specified in 21 CFR 606.160(b)(3)(ii), (b)(3)(iv),
> (b)(3)(v) and (d).
>
> (4) Proficiency testing records.  Retain all proficiency testing records for at
> least 2 years.
>
> (5) Quality system assessment records.  Retain all laboratory quality
> systems assessment records for at least 2 years.
>
> (6) Test reports.  Retain or be able to retrieve a copy of the original report
> (including final, preliminary, and corrected reports) at least 2 years after the
> date of reporting. In addition, retain the following:

Dulcie v. Labcorp, et al.
Amended Complaint
Page 12

(i) Immunohematology reports as specified in 21 CFR 606.160(d).

(ii) Pathology test reports for at least 10 years after the date of reporting.

(7) Slide, block, and tissue retention —

(i) Slides.

(A) Retain cytology slide preparations for at least 5 years from the date of examination (see § 493.1274(f) for proficiency testing exception).

(B) Retain histopathology slides for at least 10 years from the date of examination.

(ii) Blocks.  Retain pathology specimen blocks for at least 2 years from the date of examination.

(iii) Tissue.  Preserve remnants of tissue for pathology examination until a diagnosis is made on the specimen.

(b) If the laboratory ceases operation, the laboratory must make provisions to ensure that all records and, as applicable, slides, blocks, and tissue are retained and available for the time frames specified in this section.

46.    DEFENDANT LABCORP concealed or failed to disclose material facts in 2017 including the histopathology slides, testing data from the flow cytometry, requisition forms, and underlying performance data.

47.    DEFENDANT LABCORP knew or should have known that the material facts should be disclosed to CHRISTIAN DULCIE in order to determine what if any errors or problems occurred with the testing and test results.

48.    DEFENDANT LABCORP knew its concealment of or failure to disclose the material fact i.e. that blood tested and/or resulting lab result was not his, would induce the Plaintiff to continue with oncology testing and would be unable to investigate the discrepancy in the testing data indicating a terminal cancer diagnosis.

Dulcie v. Labcorp, et al.
Amended Complaint
Page 13

49.     DEFENDANT LABCORP had a duty to disclose that information once requested by the Plaintiff in accordance with State and Federal law.

50.     The Plaintiff detrimentally relied on the concealed information in that it had no reasonable way of knowing that the flow cytometry lab test was defective, that the blood testing was not his, and that the lab report produced to him was fraudulently identified as his results thereby requiring him to undergo further testing and the inability to determine what occurred with his blood test and results.

51.     As a direct and proximate result of the acts and omissions of Defendant LABCORP, Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily injuries resulting in pain and suffering, disability/physical impairment, past and future medical expenses, expense of hospitalization, inconvenience, disability, mental anguish, loss of enjoyment of life, loss value of gratuitous services, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and continuing and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demand judgment against Defendant, LABCORP, for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

## COUNT II
## BREACH OF EXPRESS WARRANTY BY DEFENDANT, LABORATORY CORPORATION OF AMERICA

52.     Plaintiff, CHRISTIAN DULCIE, individually, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 42, and further alleges:

Dulcie v. Labcorp, et al.
Amended Complaint
Page 14

53.     DEFENDANT LABCORP utilizes a GREEN Flow/Cyto Molecular collection kits wherein it markets and explicitly states that the testing and blood product that is being interpreted is the consumer's blood and that the testing product produces results based on the consumer's blood.

54.     DEFENDANT LABCORP proprietary testing materials and report never indicated that the testing product or blood tested was another consumer's blood. In fact, it expressly represented that the test product was that of the consumer Christian Dulcie.

55.     DEFENDANT LABCORP expressly warranted that the blood product and testing product was that of consumer Christian Dulcie. DEFENDANT LABCORP expressly warranted that its test results were based on the blood of Christian Dulcie.

56.     DEFENDANT LABCORP breached its express warranty of merchantability by, *inter alia*, selling a lab testing product and results that did not conform to the promises and or affirmations of fact that the testing label indicated. Specifically, DEFENDANT LABCORP labeled its testing product to be that of Christian Dulcie when in fact such testing was not, but rather the test product of another consumer.

57.     As a direct and proximate result of DEFENDANT LABCORP'S breach of the express warranty of merchantability, Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily injuries resulting in pain and suffering, disability/physical impairment, past and future medical expenses, expense of hospitalization, inconvenience, disability, mental anguish, loss of enjoyment of life, loss value of gratuitous services, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and continuing and Plaintiff will continue to suffer these losses in the future.

Dulcie v. Labcorp, et al.
Amended Complaint
Page 15

WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demand judgment against Defendant, LABCORP, for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

<u>**COUNT III**</u>
<u>**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY BY DEFENDANT,**</u>
<u>**LABORATORY CORPORATION OF AMERICA**</u>

58.     Plaintiff, CHRISTIAN DULCIE, individually, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 42, and further alleges:

59.     DEFENDANT LABCORP utilizes a GREEN Flow Cyto Molecular collection kit wherein it markets and explicitly states that the testing and blood product that is being interpreted is the consumer's blood and that the testing product produces results based on the consumer's blood.

60.     When consumers come to LABCORP testing sites and pay to have a certain test performed, there exists an implied warranty of merchantability that the test product and result is that of the consumer.

61.     LABCORP knew the particular purpose for which the oncologic hematopathology testing was being sold — i.e. to determine if cancerous cells are identified in a consumer's blood.

62.     It is reasonably foreseeable to LABCORP that the product i.e. the copyrighted LABCORP test to which LABCORP PREPARES whole blood and peripheral blood films for testing, would be used by consumers like Christian Dulcie to determine if they have hematologic cancer.

63.     DEFENDANT LABCORP knew that their consumers, including Christian Dulcie, relied upon LABCORP to ensure that the testing product and blood films are that of the consumer.

Dulcie v. Labcorp, et al.
Amended Complaint
Page 16

64.     DEFENDANT LABCORP breached its implied warranty of merchantability because, *inter alia*, the test product (blood films and blood smears) and test results marketed and sold to the consumer, Christian Dulcie, were not that of the consumer.

65.      testing materials and report never indicated that the testing product or blood tested was another consumer's blood. In fact, it expressly represented that the test product was that of the consumer Christian Dulcie.

66.     DEFENDANT LABCORP expressly warranted that the blood product and testing product was that of consumer Christian Dulcie. DEFENDANT LABCORP expressly warranted that its test results were based on the blood of Christian Dulcie.

67.     DEFENDANT LABCORP breached its express warranty of merchantability by, *inter alia*, selling a lab testing product and results that did not conform to the promises and or affirmations of fact that the testing label indicated. Specifically, DEFENDANT LABCORP labeled its testing product to be that of Christian Dulcie when in fact such testing was not, but rather the test product of another consumer.

68.     As a direct and proximate result of DEFENDANT LABCORP'S breach of the express warranty of merchantability, Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily injuries resulting in pain and suffering, disability/physical impairment, past and future medical expenses, expense of hospitalization, inconvenience, disability, mental anguish, loss of enjoyment of life, loss value of gratuitous services, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and continuing and Plaintiff will continue to suffer these losses in the future.

Dulcie v. Labcorp, et al.
Amended Complaint
Page 17

WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demand judgment against Defendant, LABCORP, for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

<div align="center">

**COUNT IV**
**STRICT LIABILITY BY DEFENDANT, LABORATORY**
**CORPORATION OF AMERICA**

</div>

69.     Plaintiff, CHRISTIAN DULCIE, individually, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 42, and further alleges:

70.     Defendant LABCORP is an industry leader in gene-based and esoteric testing and provides a range of frequently requested and specialty testing services, including anatomic pathology/oncology testing.

71.     Defendant LABCORP maintains proprietary Quality Management Systems to consistently meet both regulatory and client requirements and actively promote a culture of quality.

72.     Defendant LABCORP is responsible for maintaining complete, consistent and accurate data from creation through archival and destruction through their proprietary Quality Management Systems and testing.

73.     Defendant LABCORP marketed and sold flow cytometry and hematology testing product data and laboratory results with the expectation that it would be used by the consumer without substantial change.

74.     The laboratory test and product result was defective and unreasonably dangerous because it was contaminated and unfit for its intended purpose.

75.     As a direct and proximate result of DEFENDANT LABCORP'S breach of the express warranty of merchantability, Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily

Dulcie v. Labcorp, et al.
Amended Complaint
Page 18

injuries resulting in pain and suffering, disability/physical impairment, past and future medical

expenses, expense of hospitalization, inconvenience, disability, mental anguish, loss of enjoyment

of life, loss value of gratuitous services, loss of earnings, loss of ability to earn money, and

aggravation of a previously existing condition.  The losses are permanent and continuing and

Plaintiff will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demand judgment

against Defendant, LABCORP, for these damages and all other damages allowable by law, and

demands costs, post judgment interest, and a trial by jury.

<u>COUNT V</u>
<u>PROFESSIONAL NEGLIGENCE OF DEFENDANT, SEAN FARRIER, M.D.</u>

76.     Plaintiff, CHRISTIAN DULCIE, individually, re-alleges and incorporates by

reference the allegations contained in Paragraphs 1 through 42, and further alleges:

77.     At all material times hereto, SEAN FARRIER, M.D., was the medical director of

Labcorp's Southeast division since 2008 and was responsible for the operations of the Southeast

Division of LABCORP which included the operations of all testing sites in Florida and the

Northlake Blvd location.

78.     At all material times hereto, SEAN FARRIER, M.D., had ultimate responsibility

for the oversight and implementation of the operations, collections, transport, testing, and

production of hematopathology tests in Florida.

79.     At all material times hereto, SEAN FARRIER, M.D., had a duty to ensure

LABCORP complied with CAP (College of American Pathologists) and CLIA (Clinical

Dulcie v. Labcorp, et al.
Amended Complaint
Page 19

Laboratory Improvement Amendments) as LABCORP operates all facilities in Florida under those standards.

80.    Defendant, SEAN FARRIER, M.D., individually, owed a duty to CHRISTIAN DULCIE, to operate LABCORP's Southeast Division in a manner that is consistent with professional laboratory standards incorporated within LABCORP's highest ethical, scientific and medical standards in all diagnostic, research, and development activities.

81.    Notwithstanding the duty undertaken, Defendant, SEAN FARRIER, M.D., did or failed to do one or more of the following acts, any or all of which were breaches in his duty of care:

    a.   Failure to implement proper testing protocols in line with CAP (College of American Pathologists) and CLIA (Clinical Laboratory Improvement Amendments) standards;

    b.   Failure to recognize and appropriately incorporate chain of custody for blood testing products from southeast testing locations in Florida including the Northlake location to labs outside the State of Florida;

    c.   Failure to properly staff and retain competent employees in LABCORP's southeast locations including the Northlake location in Palm Beach County;

    d.   Failure to identify and correct improper flow cytometry lab results; and

    e.   Failure to have proper protocols for the identify and transportation of blood testing for hematological cancer testing.

82.    As a direct and proximate result of the acts and omissions of Defendant SEAN FARRIER, M.D., Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily injuries resulting in pain and suffering, disability/physical impairment, past and future medical expenses, expense of hospitalization, inconvenience, disability, mental anguish, loss of enjoyment of life, loss value of gratuitous services, loss of earnings, loss of ability to earn money, and aggravation of a

Dulcie v. Labcorp, et al.
Amended Complaint
Page 20

previously existing condition.  The losses are permanent and continuing and Plaintiff will continue

to suffer these losses in the future.

WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demands judgment

against Defendant, SEAN FARRIER, M.D., for these damages and all other damages allowable

by law, and demands costs, post judgment interest, and a trial by jury.

<div align="center">

**COUNT VI**
**PROFESSIONAL NEGLIGENCE OF DEFENDANT, YOLANDA WALTON**

</div>

83.     Plaintiff, CHRISTIAN DULCIE, re-alleges and incorporates by reference the

allegations contained in Paragraphs 1 through 42, and further alleges:

84.     At all material times hereto, YOLANDA WALTON, was the Site Coordinator of

the LABCORP Northlake Blvd. location in Palm Beach Gardens, Florida.

85.     At all material times hereto, YOLANDA WALTON, had responsibility for the

oversight and implementation of the operations, collections, transport, and testing at the

LABCORP Northlake Blvd location including blood draws and specimen processing.

86.     At all material times hereto, YOLANDA WALTON, had a duty to ensure the

LABCORP Northlake Blvd location complied with CAP (College of American Pathologists) and

CLIA (Clinical Laboratory Improvement Amendments) standards.

87.     At all material times hereto, YOLANDA WALTON, had a duty to ensure the that

the testing products and flow cytometry blood draws were that of the consumer and were packaged

and transported in compliance with Good Clinical Practices (GCP), and Good Laboratory Practices

(GLP) and Good Manufacturing Practices (GMP).

Dulcie v. Labcorp, et al.
Amended Complaint
Page 21

88.     Defendant, YOLANDA WALTON, owed a duty to CHRISTIAN DULCIE, to operate LABCORP Northlake Blvd location in a manner that is consistent with professional laboratory standards incorporated within LABCORP's highest ethical, scientific and medical standards in all diagnostic, research, and development activities.

89.     Notwithstanding the duty undertaken, Defendant, YOLANDA WALTON, did or failed to do one or more of the following acts, any or all of which were breaches in her duty of care:

   a.   Failure to properly prepare specimens for testing;
   b.   Failure to have necessary staff to ensure proper blood draws and specimen testing;
   c.   Failure to recognize improper specimen collection and processing prior to transport; and
   d.   Failure to enact proper policies and procedures to ensure proper blood products and specimens are properly labeled.

90.     As a direct and proximate result of the acts and omissions of Defendant YOLANDA WALTON, Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily injuries resulting in pain and suffering, disability, physical impairment, past and future medical expenses, expense of hospitalization, inconvenience, disability, mental anguish, loss of enjoyment of life, loss value of gratuitous services, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and continuing and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demands judgment against Defendant, YOLANDA WALTON, for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

Dulcie v. Labcorp, et al.
Amended Complaint
Page 22

<u>COUNT VII</u>
<u>PROFESSIONAL NEGLIGENCE OF DEFENDANT, JANET ROMERO</u>

91.     Plaintiff, CHRISTIAN DULCIE, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 42, and further alleges:

92.     At all material times hereto, JANET ROMERO, was the Site Coordinator of the LABCORP Northlake Blvd location in Palm Beach Gardens, Florida.

93.     At all material times hereto, JANET ROMERO, had responsibility for the oversight and implementation of the operations, collections, transport, and testing at the LABCORP Northlake Blvd location including blood draws and specimen processing.

94.     At all material times hereto, JANET ROMERO, had a duty to ensure the LABCORP Northlake Blvd location complied with CAP (College of American Pathologists) and CLIA (Clinical Laboratory Improvement Amendments) standards.

95.     At all material times hereto, JANET ROMERO, had a duty to ensure the that the testing products and flow cytometry blood draws were that of the consumer and were packaged and transported in compliance with Good Clinical Practices (GCP), and Good Laboratory Practices (GLP) and Good Manufacturing Practices (GMP).

96.     Defendant, JANET ROMERO, owed a duty to CHRISTIAN DULCIE, to operate LABCORP Northlake Blvd location in a manner that is consistent with professional laboratory standards incorporated within LABCORP's highest ethical, scientific and medical standards in all diagnostic, research, and development activities.

97.     Notwithstanding the duty undertaken, Defendant, JANET ROMERO, did or failed to do one or more of the following acts, any or all of which were breaches in her duty of care:

Dulcie v. Labcorp, et al.
Amended Complaint
Page 23

  a. Failure to properly prepare specimens for testing;

  b. Failure to have necessary staff to ensure proper blood draws and specimen testing;

  c. Failure to recognize improper specimen collection and processing prior to transport;

  d. Failure to enact proper policies and procedures to ensure proper blood products and specimens are properly labeled.

98.     As a direct and proximate result of the acts and omissions of Defendant JANET ROMERO, Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily injuries resulting in pain and suffering, disability/physical impairment, past and future medical expenses, expense of hospitalization, inconvenience, disability, mental anguish, loss of enjoyment of life, loss value of gratuitous services, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and continuing and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demands judgment against Defendant, JANET ROMERO, for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

**COUNT VIII**
**PROFESSIONAL NEGLIGENCE OF DEFENDANT, PATRICE FRASER**

99.     Plaintiff, CHRISTIAN DULCIE, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 42, and further alleges:

100.    At all material times hereto, PATRICE FRASER, was the patient service technician of the LABCORP Northlake Blvd location in Palm Beach Gardens, Florida.

Dulcie v. Labcorp, et al.
Amended Complaint
Page 24

101.    At all material times hereto, PATRICE FRASER, was a patient service technician

had responsibility for blood draws, data entry, specimen processing, and clerical duties at the

LABCORP Northlake Blvd location including blood draws and specimen processing.

102.    At all material times hereto, PATRICE FRASER, had a duty to ensure the

LABCORP Northlake Blvd location complied with CAP (College of American Pathologists) and

CLIA (Clinical Laboratory Improvement Amendments) standards.

103.    At all material times hereto, PATRICE FRASER, had a duty to ensure the that the

testing products and flow cytometry blood draws were that of the consumer and were packaged

and transported in compliance with Good Clinical Practices (GCP), and Good Laboratory Practices

(GLP) and Good Manufacturing Practices (GMP).

104.    Defendant, PATRICE FRASER, owed a duty to CHRISTIAN DULCIE, to

properly perform blood draws and properly label and process the consumer's blood specimen.

105.    Notwithstanding the duty undertaken, Defendant, PATRICE FRASER, did or

failed to do one or more of the following acts, any or all of which were breaches in her duty of

care:

    a.  Failure to properly prepare specimens for testing;
    b.  Failure to properly draw and label blood specimen for transport and testing;
    c.  Failure to recognize improper specimen collection and processing prior to
        transport; and
    d.  Failure to enact proper policies and procedures to ensure proper blood products
        and specimens are properly labeled.

106.    As a direct and proximate result of the acts and omissions of Defendant PATRICE

FRASER, Plaintiff, CHRISTIAN DULCIE, suffered permanent bodily injuries resulting in pain

and suffering, disability/physical impairment, past and future medical expenses, expense of

Dulcie v. Labcorp, et al.
Amended Complaint
Page 25

hospitalization, inconvenience, disability, mental anguish, loss of enjoyment of life, loss value of

gratuitous services, loss of earnings, loss of ability to earn money, and aggravation of a previously

existing condition.  The losses are permanent and continuing and Plaintiff will continue to suffer

these losses in the future.

WHEREFORE, the Plaintiff, CHRISTIAN DULCIE, individually, demands judgment

against Defendant, PATRICE FRASER, for these damages and all other damages allowable by

law, and demands costs, post judgment interest, and a trial by jury.

Dated this 12th day of September, 2023.

/s/ Jordan A. Dulcie
Jordan A. Dulcie
Florida Bar No.: 118635
Attorney E-Mail: jdulcie@searcylaw.com
Primary E-Mail: _baker-
barnesteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL 33409
Phone: (561) 686-6300
Fax: (561) 383-9401
Attorney for Plaintiff(s)

NOT A CERTIFIED COPY

# RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Palm Beach** | **Circuit Court** |

Case Number: 23-CA-11853

Plaintiff:
**CHRISTIAN DULCIE**

vs.

Defendant:
**LABORATORY CORPORATION OF AMERICA, SEAN FARRIER, M.D., YOLANDA
WALTON, PATRICE FRASER, and JANET ROMERO**

For:
Jordan A. Dulcie

Received by J.P. MARSHALL INVESTIGATIONS on the 13th day of September, 2023 at 11:15 am to be served on **SEAN
FARRIER M.D., 5610 W. Lasalle Street, Suite 100, Tampa, FL 33607**.

I, Kyle Strohmeyer, do hereby affirm that on the **19th day of September, 2023** at **12:40 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUMMONS, AMENDED COMPLAINT AND
ORDER IMPLEMENTING DIFFERENTIATED CASE MANAGEMENT PLAN, STANDING ORDER FOR CASE
MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE 15TH
JUDICIAL CIRCUIT FILED ON OR AFTER 4/30/2021 (DCMSO), DESIGNATING CASE TO THE GENERAL TRACK,
ORDER SETTING CALENDAR CALL AND CASE MANAGEMENT CONFERENCE AND DIRECTING PRETRIAL AND
MEDIATION PROCEDURES (DCMGJT)** with the date and hour of service endorsed thereon by me, to: **SEAN FARRIER
M.D.** at the address of: **5610 W. Lasalle Street, Suite 100, Tampa, FL 33607**, and informed said person of the contents
therein, in compliance with state statutes.

**Military Status:** Based upon observation and/or inquiry, Defendant is not in the military service of The United States Of
America.

I certify that I have no interest in the above action, and am a Certified Process Server in good standing.  Under penalties of
perjury, I declare I have read the foregoing document and the facts stated herein are true.  NO NOTARY REQUIRED
pursuant to Florida Statute 92.525(2). If there is no description of person served, servee may have signed receipt on server
field sheet.

**Kyle Strohmeyer**
APS#48582 / CPS#08-598559

**J.P. MARSHALL INVESTIGATIONS**
**Post Office Box 14453**
**North Palm Beach, FL 33408**
**(561) 758-6417**

Our Job Serial Number: JMS-2023003677

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n



```
DELIVERED    9/19/2023 12:40 PM
SERVER
LICENSE      APS#48582 /
             CPS#08-598559
```

IN THE CIRCUIT COURT FOR THE 15TH
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO: 50-2023-CA-011853-XXXX-MB

CHRISTIAN DULCIE,

        Plaintiff,

vs.

LABORATORY CORPORATION OF
AMERICA, SEAN FARRIER, M.D.,
YOLANDA WALTON, PATRICE FRASER,
and JANET ROMERO,

        Defendants.

_____/

**CIVIL ACTION SUMMONS**

**S U M M O N S:**
**PERSONAL SERVICE ON A NATURAL PERSON**

**TO:**       ■■■■■■■■.
        **5610 W. Lasalle Street**
        **Suite 100**
        **Tampa, FL 33617**

**I M P O R T A N T**

A lawsuit has been filed against you.  You have 20 calendar days after this summons is

served on you to file a written response to the attached Complaint with the Clerk of this Court,

Palm Beach County Clerk of Court, Circuit Civil Division, 205 N. Dixie Highway, West Palm

Beach, Florida 33409.  A phone call will not protect you.  Your written response, including the

case number given above and the names of the parties, must be filed if you want the Court to hear

your side of the case.  If you do not file your response on time, you may lose the case, and your

wages, money, and property may thereafter be taken without further warning from the Court.

Dulcie v. Laboratory Corporation of America
Case No. 50-2023-CA-011853-XXXX-MB

There are other legal requirements.  You may want to call an attorney right away.  If you do not

know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone

book).

If you choose to file a written response yourself, at the same time you file your written

response to the court you must also mail or take a copy of your written response to the

"Plaintiff/Plaintiff's Attorney" named below.

<div align="center">

Jordan A. Dulcie, Esq.
Florida Bar No. 118635
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
West Palm Beach, FL 33409

</div>

**THE STATE OF FLORIDA**

**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint/petition in
this lawsuit on the above-named defendant(s).

DATED on this _____ day of _____, 2023.

**Aug 30 2023**



**JOSEPH ABRUZZO**
PALM BEACH COUNTY CLERK
OF THE CIRCUIT COURT (SEAL)

BY: _____

Deputy Clerk   **JOSIE LUCCE**

Dulcie v. Laboratory Corporation of America
Case No. 50-2023-CA-011853-XXXX-MB

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.
Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).
Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Dulcie v. Laboratory Corporation of America
Case No. 50-2023-CA-011853-XXXX-MB

This notice is provided pursuant to Administrative Order No. 2.207-7/22*

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda,   Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**